**205 P.2d 213**

**STATE v. BRYANT.**

No. 5167.

Supreme Court of New Mexico.

April 13, 1949.

H. E. Blattman, of Las Vegas, for appellant.

Joe L. Martinez, Atty. Gen., and W. R. Kegel, Asst. Atty. Gen., for appellee.

McGHEE, Justice.

The appellant was convicted on a charge of possessing alcoholic liquors in the City of Clovis for the purpose of sale without having a liquor license.

On December 5, 1945, a local option election was held in Clovis on the question of allowing the sale of liquors in package stores and a majority of the votes cast were in the negative. It was stipulated at the trial

that such local option election was in effect and determinative at the date of the commission of the offense. This action effectively prevented the issuance of a license to sell alcoholic liquors in that city.

The only statutes making it unlawful to possess alcoholic liquors for sale are Sections 61-1001 and 61-1002, 1941 Compilation, Laws 1939, Ch. 236, Sec. 401, and Sec. 402. They read as follows:

"61-1001. It shall be a violation of this act for any person who is not the holder of a license permitting the same, issued under the provisions of this act or of chapter 130, Laws of 1937, or whose license is suspended or has been revoked at the time of such manufacture, sale or possession thereof, to manufacture for the purpose of sale, sell, or possess for the purpose of sale, any alcoholic liquor in the state of New Mexico."

"61-1002. It shall be a violation of this act, except under the terms and conditions of this act permitting it, for any person to manufacture for the purpose of sale, possess for the purpose of sale, offer for sale, or sell, any alcoholic liquors in the state of New Mexico."

Penalties for violations of the Act are set forth in Sec. 61-1019, 1941 Compilation.

There is no provision making it a specific offense to possess alcoholic liquor for sale in dry territory, and the appellant contends that the sections of the liquor code set out above are in effect only in territory where licenses are granted for the sale of liquor, so that while licenses may not be granted for the sale of liquor in Clovis it is in fact not a violation of the law to there possess liquor for sale. He cites many authorities holding that a general law prohibiting the sale or possession of alcoholic liquor in wet territory without a license becomes inoperative or is suspended where the voters of a county or municipality vote the territory dry under a local option law, and that the unlawful sale or possession of liquor in such territory must be prosecuted under a specific law applicable only in local option districts.

This question was before the Kentucky Court of Appeals in Commonwealth v. Barbour, 121 Ky. 463, 89 S.W. 479, 3 L.R.A., N.S., 620, and it was there held in a well considered opinion, that an illegal sale of intoxicating liquor made in local option territory does not require the proceedings against the vendor to be taken under the local option law if the act also constitutes an offense against the general liquor law. There is an annotation on this point in the L.R.A. report, showing that the courts of North Carolina, Virginia and Minnesota follow this rule, although many other courts hold the contrary.

A reading of the cases discloses that the other states having a general law, such as we have in New Mexico, prohibiting the sale of alcoholic liquors without a license, also have a specific law with penalties prohibiting the sale or possession of such liquors in dry or local option territory.

Our liquor code makes it unlawful to sell or possess liquor for sale without having first procured a license from the proper authority, and as a license may not be issued permitting such sale in dry territory, our legislature must have considered it unnecessary to enact a specific section applying only to the sale or possession of intoxicating liquor in such territory.

If we were to sustain appellant's contention, then although the voters have said that liquor may not be sold in Clovis, the bridle would be off and all persons so disposed could there sell and possess liquor for sale without fear of punishment. We decline to adopt a rule that would lead to such a result.

We hold that the information in this case charged an offense.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and COMPTON, JJ., concur.