[Crim. No. 1149.　First Appellate District, Division One.—August 15, 1923.]

## Ex parte JAMES APAKEAN on Habeas Corpus.

[1] CRIMINAL LAW—TIME OF TRIAL—SECTION 1382, PENAL CODE—DISMISSAL.—There is no duty incumbent on the court to order a dismissal of a criminal action under section 1382 of the Penal Code, relating to the time when an action may be dismissed, unless the defendant demands it.

[2] ID.—DISMISSAL—WAIVER.—The right to a dismissal of a criminal action, like other statutory privileges of the accused which do not affect the jurisdiction of the court, may be waived.

[3] ID.—IMPANELING OF JURY—MOTION TO DISMISS—TARDINESS OF.— A motion to dismiss a criminal prosecution on the ground that the defendant was not brought to trial within the sixty-day period prescribed by subdivision 2 of section 1382 of the Penal Code comes too late where it is made after the jury has been impaneled.

PROCEEDING on Habeas Corpus to secure release of petitioner from custody on the ground that he had not been brought to trial within proper time. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

Vincent W. Hallinan for Petitioner.

Matthew Brady, District Attorney, and Alden Ames, Deputy District Attorney, for Respondent.

ST. SURE, J.—The petitioner, charged with the crime of felony, to wit, grand larceny, seeks his discharge upon a writ of *habeas corpus*. He alleges in his petition that he was arraigned upon said charge upon the fourth day of May, 1923; that upon the seventeenth day of May, 1923, he entered a plea of not guilty; that thereafter, and on June 16, 1923, the cause was set for trial for the twenty-fifth day of July, 1923; that on said twenty-fifth day of July, 1923, when the cause was called for trial, petitioner appeared with his counsel and answered "ready"; that the district attorney requested and obtained a postponement of the trial to the first of August, 1923, over the objection of petitioner's

counsel, who protested against a postponement of the trial beyond the sixty-day period prescribed by the statute (sec. 1382, Pen. Code) ; that on August 1st said cause was again called for trial; that petitioner appeared with his counsel and answered "ready"; that the district attorney also answered "ready"; that thereupon a jury was regularly examined by respective counsel, was accepted and sworn to try the case; that the district attorney then read the information to the jury and made his opening statement; that thereupon the district attorney offered in evidence a transcript of the testimony of one Jack Graham, taken on the preliminary examination of the petitioner, and that for the purpose of laying the foundation for the introduction thereof, the district attorney called a police officer as a witness, and said witness was examined by the district attorney and cross-examined by counsel for petitioner; that the trial court sustained an objection made by counsel for petitioner upon the ground that no proper foundation had been laid for the introduction of the transcript; that the district attorney thereupon requested the trial court "for a continuance of the trial to enable him to search anew for said Graham, and either produce him as a witness or lay the proper foundation for the admission of said transcript; that the court thereupon, and over the objection of the petitioner and his counsel, granted said motion and discharged the jury and continued the trial of said case to September 6, 1923"; that petitioner then moved for a dismissal of the cause upon the ground that the same had not been brought to trial within sixty days after the filing of the information.

When the cause was first called for trial on July 25th, the sixty-day period had not run, and a motion to dismiss under the rule prescribed by paragraph 2 of section 1382 of the Penal Code was not in order. When the case was again called the sixty-day period had run and a motion to dismiss was in order, but it would appear petitioner failed to avail himself of his statutory right at the proper time. His motion for a dismissal under section 1382 of the Penal Code came too late.

[1] The constitution gives to a defendant a right to a speedy trial and the Penal Code expressly provides that the court must order the prosecution dismissed unless good cause to the contrary be shown, wherein a defendant is not brought

to trial within sixty days after the finding of the indictment or filing of the information; yet there is no duty incumbent on the court to order a dismissal under section 1382 unless the defendant demands it (*Ex parte Fennessy*, 54 Cal. 101). [2] The right to a dismissal, like other statutory privileges of the accused which do not affect the jurisdiction of the court, may be waived. The impancling of the jury is part of a trial (*Silcox* v. *Lang*, 78 Cal. 118 [20 Pac. 297]). The legal jeopardy of the defendant has attached when a jury has been "charged with his deliverance," and the jury stands thus charged when its members have been impaneled and sworn (Cooley's Constitutional Limitations, 7th ed., p. 467). [3] When the petitioner moved for dismissal for want of prosecution he had been already "brought to trial" and was upon trial. He therefore waived the benefit of the statute by failure to claim it in proper season (*People* v. *Hawkins*, 127 Cal. 372 [59 Pac. 697]; *People* v. *Fitzgerald*, 137 Cal. 546 [70 Pac. 554]).

The writ is discharged and petitioner remanded.

Richards, J., and Tyler, P. J., concurred.