319 P.2d 946

**STATE of New Mexico, Appellee,**

v.

**Hazel CUMMINGS, Appellant.**

No. 6216.

Supreme Court of New Mexico.

Dec. 26, 1957.

Hartley & Buzzard, Clovis, for appellant.

Fred M. Standley, Atty. Gen., Hilton A. Dickson, Jr., and Fred M. Calkins, Jr., Asst. Attys. Gen., for appellee.

BRAND, District Judge.

In the City of Clovis, one June day in 1956, a fourteen year old boy was sent by his foster mother to the home of the defendant, about a block away, to pick up a package for her. As he was leaving defendant's premises carrying a sack, he was seen by a cruising policeman, who stopped him and discovered that the sack contained two quart bottles of beer. After taking the boy to the police station, the officer returned to the defendant's apartment and a search revealed another ten quarts and nine cans of beer in her icebox. Whereupon, she was arrested and later an information was filed charging that she delivered alcoholic liquor, to wit, beer, to Jerry Wade Stephenson, a minor, contrary to the provisions of § 46–10–12, N.M.S.A., 1953.

At the trial it was stipulated that on the delivery of the beer to the minor, he disclosed to defendant that he was obtaining it for an adult person. The boy testified that the package was not given to him by the defendant but by a man known as "Rip", who was told by the defendant to hand him the package after he went into the house and informed defendant that he came to get the package. The State, over defendant's objection, was permitted to put in evidence Exhibit 2, being the quantity of beer found in the icebox by the officer, the two quarts taken from the boy having been admitted without objection. The jury returned a verdict of "Guilty" and after sentence this appeal followed.

The portion of the statute with which we are concerned is as follows:

"§ 46–10–12. (a) It shall be a violation of this act for any club, retailer, dispenser, bartender, waiter or servant or employee of any club, retailer or dispenser, or for any taxi driver, hotel employee or any other person, except the parent or guardian or spouse of any minor, or adult person into whose custody any court has committed such minor for the time, outside of the actual, visible personal presence of such minor's parent, guardian, spouse or the adult person into whose custody any court has committed such minor for the time, to do any of the following acts:

"(1) To sell, serve or give any alcoholic liquor to a minor.

"(2) To buy alcoholic liquor for, or to procure the sale or service of alcoholic liquor to, a minor.

"(3) To deliver alcoholic liquor to a minor.

"(4) To aid or assist a minor to buy, procure or be served with alcoholic liquor."

The first point for reversal argued is that the statute is designed to punish the act of delivery of liquor to a minor for his personal consumption, and does not apply where it is known that the liquor is intended for use by an adult, the minor being only the means of re-delivery to the adult. It will be seen, however, that the statute prohibits the delivery of liquor to a minor with but one exception—where the delivery is made in the actual, visible, and personal presence of a parent, guardian or other such adult person. Our statute goes farther than many similar Acts which only forbid the sale, serving or aiding a minor to buy, procure or be served with alcoholic liquor. Under such other statutes it is generally held, under circumstances comparable to the present case, that no offense would have been committed because the "sale" was to the adult and the minor was known to be acting as an agent or the means whereby the liquor was delivered to the adult. The cases cited by defendant are not in point for this reason, all of them being under Acts intended to prevent sales or gifts of liquor to minors for their own consumption or use. In People v. Garrett, 68 Mich. 487, 36 N.W. 234, however, the Court stated:

"A statute which forbids the sale, giving or furnishing liquor to a minor is violated although the liquor delivered to the minor be intended for the use of an adult, the infant being only an agent in making the purchase."

The Court observed that there is an inherent danger in delivering liquor to children which the law sought to prevent, and said:

"The defendant must have known that the boy might taste or drink of the beer before he got across the street if he so desired. It must be held that the legislature intended to prevent the delivering of liquor to children; that they should 'touch not, taste not, handle not.' It is not an uncommon thing in cities for parents and others to send children of tender years into dram-shops after liquor. It makes no difference in my opinion, under the law, whether the liquor thus procured is to be used by the adults or the children. It is within the statute which prohibits the sale, the giving, or furnishing of liquor to minors. Any other holding must subject children to the temptations that surround and abound in the saloons without remedy."

We agree with this theory and feel that our law clearly forbids any delivery of intoxicants to a minor unaccompanied by his parents, or person "in loco parentis".

■ It is next argued that the statute is restricted to offenses committed by liquor dealers, and is inapplicable unless the offender is the holder of a license to retail or dispense liquors, and further, that the statute is restricted in its application to liquor dealers classified as clubs, retailers, dispensers, and their agents and employees. Clovis and Curry County had not legalized the sale of liquor, was "dry" territory, and the defendant had no license to sell liquor. Thus the question posed is whether what would be a crime if committed by a licensed liquor dealer, is not one if done by an unlicensed person.

The law, after enumerating the classes of liquor establishments affected thereby, adds, however:

" * * * [and] any other person, except the parent or guardian", which answers the argument. We feel this defense merits no further consideration. Surely the legislature intended nothing so absurd as to permit sales of liquor to minors by bootleggers and to prohibit such sales by licensed venders. See State v. Bryant, 53 N.M. 229, 205 P.2d 213, 214, 8 A.L.R.2d 748. In this case appellant was complaining of his conviction for possessing alcoholic liquors for the purpose of sale in the City of Clovis, without having a liquor license. The Court speaking through Justice McGhee said:

"Our liquor code makes it unlawful to sell or possess liquor for sale without having first procured a license from the proper authority, and as a license may not be issued permitting such sale in dry territory, our legislature must have considered it unnecessary to enact a specific section applying only to the sale or possession of intoxicating liquor in such territory.

"If we were to sustain appellant's contention, then although the voters have said that liquor may not be sold in Clovis, the bridle would be off and all persons so disposed could there sell and possess liquor for sale without fear of punishment. We decline to adopt a rule that would lead to such a result."

■ Defendant contends also that the information is fatally defective because it fails to set out all necessary elements of the offense, there being omitted the exception that a parent, guardian or other person having custody of the minor was not present at the time of delivery to the minor. This point is not argued or supported by defendant's brief. Furthermore, the information did identify the crime charged by reference to the section of the statute creating the offense (see 41–6–7, N.M.S.A.

1953) which is sufficient, and it is not claimed or indicated that the defendant was prejudiced in her defense by the omission. We deem the objection to be without merit. State v. Ardovino, 55 N.M. 161, 228 P.2d 947.

■■ Exception is taken to the Court's admission in evidence of Exhibit 2, being the other beer found at the residence, the argument made being that the rule of admissibility of evidence which legitimately tends to show that the defendant had the opportunity to commit the crime is inapplicable here, and such rule is restricted to cases where sale or possession for sale is charged. In cases pertaining to unlawful commerce in alcoholic beverages, the fact of possession of such commodities in addition to the portion sold or delivered is relevant and pertinent, and we think no distinction as to the admissibility of such evidence can properly be drawn between cases in which an unlawful sale or possession for sale is charged, and those in which unlawful delivery is alleged. When accompanying proof of the delivery of similar liquor at about the same time, it sheds light on the controlling issue and is therefore admissible. Defendant also urges that if such Exhibit were admissible in corroboration of the delivery of the two quarts, it was not admissible at the time the objection was made, because at that time Exhibit No. 1 (the two quarts) had not been introduced.

While technically correct, "the order of trial in a criminal case and of proof therein is largely within the discretion of the court, (and) inversion of order of proof is not grounds for reversal unless prejudice is shown". 53 Am.Jur. 101.

■ Finally, error is claimed in the giving of an instruction reading:

"13. You are instructed that if you believe from the evidence and beyond a reasonable doubt that the defendant instructed some other person to hand to Jerry Wade Stephenson the package referred to in this case as State's Exhibit No. 1 and that said other person did then and there comply with said instruction that in law this amounts to a delivery by the defendant".

Very meager argument is advanced for this proposition and that not persuasive. It is urged that defendant can only be held answerable (not having actually handed the liquor to the boy) under the provisions of § 41–6–34 which reads:

"Every person concerned in the commission of an offense, whether he directly commits the offense or procures, counsels, aids, or abets in its commission, may be indicted or informed against as principal";

that an accused cannot be liable as an aider or abettor unless he share the criminal intent of the principal; that this is

342

a crime which does not require a criminal intent; that there must exist community of purpose and a joint interest in the unlawful undertaking to make one an abettor; that no such community or joint interest was shown here; that therefore the instruction was erroneous. This labored argument ignores the provisions of our statute and reduces itself to an absurdity. It would have us hold that the accused, to be guilty of delivering liquor to a minor, must hand it over in person, and would be guiltless if the handing over was done by an agent or servant, at the express direction of the principal or master.

It was essential that an instruction be given to advise the jury what was required in order for it to find that agency existed in the commission of the offense, and it would have been error not to do so.

"Thus, where there is evidence that the alleged illegal sale was made by an agent or servant of accused, the jury may and should be properly instructed as to the matters necessary and sufficient to render accused criminally liable." 48 C.J.S. Intoxicating Liquors § 377, p. 583.

This contention is without merit and will not avail the defendant.

The judgment below will be affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, Mc-GHEE and COMPTON, JJ., concur.