426 P.2d 588

**Ex parte J. L. LOTT, Petitioner-Appellant,**

**v.**

**STATE of New Mexico, Respondent-Appellee.**

**No. 8244.**

Supreme Court of New Mexico.

April 17, 1967.

Fred C. Tharp, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

COMPTON, Justice.

This appeal is from an order entered pursuant to § 21–1–1(93), N.M.S.A.1953, denying petitioner's motion to vacate a sentence previously imposed in cause No. 4663, Curry County, under the habitual criminal statute on the grounds that he had previously entered pleas of guilty to three felony charges in causes numbered 3069, 4330 and 4494, Curry County, without the benefit of counsel and that he was not advised of his right to counsel either in the justice of the peace court or in the district court.

At the hearing on the motion to vacate, the court found "that no new grounds for relief appear that have not been raised in Habeas Corpus proceedings filed in Santa Fe County District Court"; "that the Petition filed herein is repetitious." These findings are attacked as being without substantial support in the evidence.

The appellant contends that while the trial judge had before him the transcript of the habeas corpus proceedings filed by him in Santa Fe County, the transcript was never admitted into evidence. Even so, the finding that the petition is repetitious is decisive. The courts of the state judicially notice the public act of the judicial department. Rule 44(d), Rules of Civil Procedure. Cartwright v. Public Service Company of New Mexico, 68 N.M. 418, 362 P.2d 796; Miller v. Smith, 59 N.M. 235, 282 P.2d 715.

It is within the discretion of the trial court either to grant or deny suc-

cessive motions. Rule 93(d). Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. Obviously, there is no abuse of discretion shown in this record. The order should be affirmed.

It is so ordered.

NOBLE, J., and SPIESS, J., Court of Appeals, concur.