440 P.2d 806

STATE of New Mexico, Plaintiff-Appellee,
v.
Gilbert LUCERO, Defendant-Appellant.
No. 117.

Court of Appeals of New Mexico.
April 19, 1968.

Robert M. St. John, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Convicted of burglary, defendant appeals. He contends the grand jury indictment (1) erroneously stated the place of the offense and (2) erroneously named the owner of the residence which was burglarized. On this basis defendant asserts the indictment was fatally defective.

The indictment charged defendant with burglary contrary to § 40A–16–3, N.M.S.A.1953. Under § 41–6–7, N.M.S.A. 1953, an indictment is valid and sufficient if it identifies the crime charged by reference to the statute establishing the offense. State v. Lott, 73 N.M. 280, 387 P.2d 855 (1963).

In addition to charging the offense, the indictment stated the place of the offense and named the owner of the property. Defendant concedes that these allegations were unnecessary. See §§ 41–6–12 and 41–6–15, N.M.S.A.1953.

*Surplusage.*

It being conceded that the allegations as to place and ownership were unnecessary, § 41–6–36, N.M.S.A.1953 is applicable. This section provides that unnecessary allegations of an indictment may be disregarded as surplusage.

*Place of the Offense.*

The indictment charged an offense under § 41–6–7, N.M.S.A.1953. Accordingly, the indictment is not to be held invalid or insufficient because of a "miswriting" or similar defect. Rather, the indictment may be amended in respect to such defect. If defendant is prejudiced by any such de-

fect the court may postpone the trial. No appeal "based on any such defect" is to be sustained "unless it is affirmatively shown that the defendant was in fact prejudiced thereby in his defense upon the merits." Section 41–6–37, N.M.S.A.1953.

■ The indictment stated the burglarized residence was 2211 Indian School Road. Asserting there was a typing error, the State moved to amend and show the address as 2311 Indian School Road. The motion was granted.

After the amendment the place of the offense was correctly stated. Defendant did not ask for a postponement and has not shown that he was prejudiced by the amendment correcting the typing error. His contention concerning the place of the offense is without merit. See State v. Peke, 70 N.M. 108, 371 P.2d 226 (1962).

*Name of Owner.*

■ Section 41–6–20, N.M.S.A.1953, provides:

"In an indictment * * * it is sufficient for the purpose of identifying any person other than the defendant to state his true name or to state the name, appellation or nickname by which he has been or is known, * * *."

The indictment named Yolanda Duran as the owner of the burglarized residence. When asked to state her name she answered "Yolanda Duran." Upon questioning, she testified that she was divorced, that her married name had been Romero and that she goes by both "Duran" and "Romero." Thus, "Yolanda Duran" is either her true name or a name by which she is known. The name is sufficient under § 41–6–20. The contention concerning the name of the owner is without merit. Compare State v. Russell, 37 N.M. 131, 19 P.2d 742 (1933); State v. Martinez, 34 N.M. 112, 278 P. 210 (1929).

The judgment and sentence are affirmed.

It is so ordered.

OMAN and ARMIJO, JJ., concur.