462 P.2d 152

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**James H. ELLEDGE, Defendant-Appellant.**

**No. 378.**

Court of Appeals of New Mexico.

Nov. 21, 1969.

---

Ronald M. Higginbotham, Roswell, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, James C. Comptom, Jr., Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

The trial court denied defendant's third motion for post-conviction relief, under § 21-1-1(93), N.M.S.A.1953, and he appeals. See State v. Elledge, 78 N.M. 157, 429 P.2d 355 (1967) and Supreme Court No. 8328 which was dismissed on defendant's motion.

For reasons hereinafter stated we affirm.

Defendant seeks reversal on four grounds. "(1) The Court did not question the defendant concerning his plea of guilty. (2) The Court did not advise the defendant that he was entitled to a trial by jury if he so desired it. (3) The Court did not advise the defendant that the outcome of his sentence could possibly be severe if he pled guilty. (4) The Court did not question the defendant as to whether his plea of guilty was voluntarily made, or whether the plea was under strain by some type of pressure."

Defendant's allegations are factually accurate. Prior to accepting the guilty plea the trial court asked only if it were true he desired to plead guilty. Because the trial court failed to question defendant concerning his understanding of the plea and its consequences, defendant contends his conviction should be reversed. He relies on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Several constitutional rights are waived by a guilty plea. Because a waiver of these rights would not be presumed from a silent record, Boykin v. Alabama, supra, held there was reversible error. The record did not disclose that defendant voluntarily pled guilty. In so holding the opinion states:

"It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary. * * *"

*Boykin* also seems to indicate that the trial judge should inquire sufficiently to insure that a defendant "* * * has a full understanding of what the plea connotes and of its consequence[s]." If the judge makes such an inquiry, and leaves a "* * * record adequate for any review * * *" he "* * * forestalls the spin-off of collateral proceedings. * * *"

*Boykin* does not require a reversal of defendant's conviction. That case involved a claim that the guilty plea was involuntary. No such claim is made here. In that case the record was silent as to the voluntariness of the guilty plea. Defendant does not claim that the record in this case (of this appeal and the two prior appeals) fails to show his plea was voluntary. *Boykin* holds that a guilty plea will be set aside, on direct review, unless the record discloses

the plea was voluntary. It does not hold that where there has been no direct review, as in this case, voluntariness may not be determined as a question of fact in a post-conviction proceeding.

Thus, defendant's reliance on *Boykin* is a reliance on the indication that the trial judge must affirmatively inquire into the voluntariness of the guilty plea. That opinion, however, does not hold that there must be a reversal if the trial judge does not make such an inquiry. We do not understand *Boykin* to change the rule stated by the New Mexico Supreme Court in Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968). There it is stated:

"* * * We recognize that before accepting a plea of guilty a trial court has a duty to ascertain that a defendant knows the consequences of his plea and to advise him of those consequences if he is not otherwise advised. * * *"

Under this rule, the fact that the trial court failed to question defendant as to his understanding of the guilty plea, and its consequences, does not in itself provide a basis for post-conviction relief. Defendant may have been "otherwise advised."

We have considered defendant's other arguments and authorities and find nothing in them to cause us to conclude differently.

Affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.