471 P.2d 675

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Joseph L. GUY, Jr., Defendant-Appellant.**

**No. 422.**

Court of Appeals of New Mexico.

June 12, 1970.

Thomas M. Thompson, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Frank N. Chavez, Asst. Atty. Gen., for appellee.

## OPINION

SPIESS, Chief Judge.

The defendant's third motion for post-conviction relief under Rule 93, § 21–1–1 (93), N.M.S.A.1953 (Supp.1969) was denied without hearing and he has appealed. We affirm.

The defendant entered a plea of guilty to an information charging the offenses of armed robbery and breaking and entering, and on July 11, 1962, sentence was imposed. On July 14, 1966, defendant filed his first Rule 93 motion to vacate judgment and sentence. This motion was based upon the grounds that his plea of guilty was induced by threat and coercion, that defendant was denied the right to counsel, and further, was not guilty of the charges. On September 30, 1966, the sentencing court denied this motion after hearing.

On June 27, 1967, defendant filed his second Rule 93 motion upon the ground that he was legally insane at the time the guilty plea was entered. This motion was denied without hearing. Appeal was taken from this order. See State v. Guy, 79 N.M. 128, 440 P.2d 803 (Ct.App.1968).

Thereafter, and pursuant to the mandate of this court, a hearing was conducted by the sentencing judge upon the motion filed June 27, 1967, which resulted in a denial of the motion.

On May 26, 1969, defendant filed the Rule 93 motion which is the subject of this appeal. This motion will be referred to as the "1969 motion." The 1969 motion was denied without hearing based upon the following finding. "All of the allegations contained in Defendant's Motion to Vacate Judgment and Sentence have been ruled on in prior Orders entered by this Court."

The 1969 motion attacked the guilty plea which had been entered by defendant in 1962 upon the grounds:

"(1) The Court did not question the defendant concerning his understanding of the nature of the charge."

"(2) The Court did not question the defendant concerning his understanding of a plea of guilty."

"(3) The Court did not advise the defendant that consequences of his sentence could be severe if he pled guilty."

"(4) The Court did not advise the defendant of the penalty under law if he pled guilty or the time he might have to serve."

"(5) The Court did not inquire if there was a factual basis for the plea."

This appeal is presented under three points. Under his first point defendant asserts "[t]he trial Court erred in denying Defendant's Motion without an evidentiary hearing on the fact issues presented in said Motion." By the second point defendant says "[t]he Trial Court erred in finding that all of the allegations contained in Defendant's Motion to Vacate Judgment and Sentence have been ruled on in prior Orders entered by this Court."

██ Our conclusion as to defendant's second point renders unnecessary a consideration of his third point which involves a contention that second and successive motions are available to a defendant if different grounds for relief are alleged. We first consider defendant's second point. We have stated the allegations of the two motions made by defendant prior to the 1969 motion. We have likewise stated the allegations of the 1969 motion. · It seems apparent to us that the claims asserted by the 1969 motion were not the subject of, nor ruled upon by the court in the orders entered upon prior motions. In our opinion, the trial court erred in so holding. Our conclusion upon this point is, however, not determinative of the appeal.

In the presentation of defendant's first point he has invoked our decision as to whether the facts alleged by his motion, if established, would warrant vacating the guilty plea and the sentence which was imposed thereon.

According to the record, it is clear that the sentencing court did not make the inquiries into the voluntariness of defendant's plea as claimed by him. The following colloquy between the court and defendant appears in the record.

"THE COURT: [Has] [a]ny one [sic] in authority promised you anything to get you to plead guilty to these charges?

DEFENDANT: No, sir.

THE COURT: Any one [sic] in authority used any threats, force or coercion on you to get you to plead guilty?

DEFENDANT: No, sir.

THE COURT: Are these guilty pleas entered to the five counts of the information, entered freely and voluntarily on your part after talking with Mr. Garcia?

DEFENDANT: Yes, sir."

No lack of understanding on defendant's part as to the nature of the charges, nor of the effect of a guilty plea is asserted, nor is it contended that defendant was not aware of all of the consequences of his guilty pleas. The court, at defendant's request, appointed an attorney for him with whom he conferred prior to entering the pleas.

■ At arraignment inquiries made of defendant by the prosecuting attorney and defendant's answers furnished information sufficient to satisfy the court that defendant's conduct actually fell within the charges. In view of the circumstances presented here and upon authority of Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968), we hold that defendant is not entitled to relief "because of any shortcomings in the information given by the court before accepting the plea." See also State v. Elledge, 81 N.M. 18, 462 P.2d 152 (Ct.App. 1969).

■ Defendant has cited and relied upon McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), as lending support for the application generally of a rule imposing a duty upon a trial court before accepting a plea of guilty to ascertain that a defendant knows the consequences of his plea and to advise him of those consequences if he is not otherwise advised. *McCarthy* held it to be reversible error for a federal district judge to fail to comply with Rule 11 of the Rules of Criminal Procedure in accepting a plea of guilty. This case applies only to Federal Criminal Procedure.

In our view of the record here, we consider it appropriate in forestalling future motions relating to the acceptance of guilty pleas received prior to the decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), to consider its effect as to such pleas. *Boykin* requires that state criminal records show an understanding waiver by a defendant entering a guilty plea of three constitutional rights: (1) the privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers.

■ The requirements of *Boykin* are not, in our opinion, to be applied retroactively so as to be applicable to pleas received prior to *Boykin*. This conclusion is based largely upon Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed. 2d 16 (1969), wherein the Supreme Court declined to apply *McCarthy* retroactively. See Montanye v. State, 7 Md.App. 627, 256 A.2d 706 (1969).

The judgment of the trial court is affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.