493 P.2d 962

STATE of New Mexico, Plaintiff-Appellee,

v.

Peter Joseph WILLIAMS, Defendant-Appellant.

No. 747.

Court of Appeals of New Mexico.

Jan. 21, 1972.

Harvey C. Markley, Lovington, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of receiving and concealing stolen property, a television set, when the value was more than $100.00 but less than $2,500.00 contrary to § 40A–16–11, N.M.S.A.1953 (Supp.1971), defendant appeals. Defendant asserts two points for reversal. We affirm.

Defendant first contends that the motel manager was not qualified to testify regarding the value of the television set and his motion to dismiss at the close of defendant's case should have been granted. The motel manager testified that he was familiar with the value of the television sets that are sold to motels and testified that a used set like the one involved was worth between $150.00 and $200.00. We see no reason to distinguish between the opinion evidence of a manager who is familiar with cost and the opinion evidence of an owner. See State v. Zarafonetis, 81 N.M. 674, 472 P.2d 388 (Ct.App.1970). The testimony of the manager was competent and meets the substantial evidence test. State v. Zarafonetis, supra.

Defendant next contends and he so testified at trial, that the police told him "it might go easier" if he would admit he knew the television set was stolen. Defendant argues his admission of guilt was obtained through deception and should have been excluded. This matter requiring determination on evidence is first raised on appeal and was never raised nor ruled on

by the trial court. This cannot be done. State v. Colvin, 82 N.M. 287, 480 P.2d 401 (Ct.App.1971); State v. Martinez, 52 N.M. 343, 198 P.2d 256 (1948).

Affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.

COWAN, J., not participating.