496 P.2d 167

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Michael Eugene CLEMONS and Berry Lee Witt, Defendants-Appellants.**

**No. 786.**

Court of Appeals of New Mexico.

April 7, 1972.

Lee A. Chagra, El Paso, Tex., Charles Berry, McAtee, Marchiondo & Berry, Albuquerque, for defendants-appellants.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

A jurisdictional question not raised by the parties disposes of this appeal. See State v. McNeece, 82 N.M. 345, 481 P.2d 707 (Ct.App.1971).

Defendants were convicted of unlawful possession of marijuana contrary to § 54–7–13, N.M.S.A.1953 (Repl.Vol. 6). The sentences imposed were in accordance with penalties authorized for violation of § 54–7–13, supra. Shortly after sentences were imposed, this court decided State v. Riley, 82 N.M. 235, 478 P.2d 563 (Ct.App.1970). *Riley* reversed a marijuana conviction under a general statute, holding the general statute was inapplicable because of a special statute covering the same subject matter. This holding was applied to the statute in this case, § 54–7–13, supra, in State v. Thorn, 82 N.M. 431, 483 P.2d 312 (Ct.App.1971).

Because of the *Riley* decision, the State moved for various items of relief. Pursuant to the State's motion, the trial court set aside the judgment and sentence originally imposed, allowed the information to be amended to charge the special statute, and entered a new judgment and sentence in accordance with the special statute. The appeal challenges these actions of the trial court.

We do not reach the contentions of defendants. The original judgment and sentence was filed December 22, 1970. Defendants filed their notice of appeal and an appeal bond the same day. On January 5, 1971, defendants filed a praecipe. The State's motion, and the order granting a portion of the relief requested by the State, were filed January 21, 1971.

Various decisions of the New Mexico Supreme Court hold that once an appeal is taken, the jurisdiction of the trial court to take further action is limited. See Wagner Land and Investment Company v. Halderman, 83 N.Mex. 628, 495 P.2d 1075, decided March 17, 1972; Foreman v. Myers, 79 N.M. 404, 444 P.2d 589 (1968); Hardin v. State Tax Commission, 78 N.M. 477, 432 P.2d 833 (1967); Prudential Insurance Company of America v. Anaya, 78 N.M. 101, 428 P.2d 640 (1967); Mirabal v. Robert E. McKee, General Contractor, Inc., 74 N.M. 455, 394 P.2d 851 (1964); National American Life Insurance Co. v. Baxter, 73 N.M. 94, 385 P.2d 956 (1963); Public Service Co. of New Mexico v. First Judicial Dist. Court, 65 N.M. 185, 334 P.2d 713 (1959).

A decision applicable to this case is State v. White, 71 N.M. 342, 378 P.2d 379 (1962). There, it was held that the trial court had no jurisdiction to amend a sentence in order to give defendant credit for the time he had been incarcerated prior to trial. There was an absence of jurisdiction because an appeal had been taken prior to the attempted amendment of the sentence. State v. White, supra, states:

"* * * the taking of an appeal from a judgment in a civil case completely divests the district court of jurisdiction except for the purpose of perfecting the appeal to this court and for the purpose of passing upon motions pending when the appeal is taken, or for the timely vacating of an order granting appeal.

\* \* \* \* \* \*

"We perceive no difference in this jurisdiction of a district court over its judgments after appeal in criminal and civil cases. \* \* \* \*"

See also State v. Maples, 82 N.M. 36, 474 P.2d 718 (Ct.App.1970).

Section 21–9–1, N.M.S.A.1953 (Repl.Vol. 4) does not avoid the applicability of State v. White, supra, since that section does not apply to jury cases. Scofield v. J. W. Jones Construction Company, 64 N.M. 319, 328 P.2d 389 (1958).

Elwess v. Elwess, 73 N.M. 400, 389 P.2d 7 (1964) states that at common law, after entry of judgment, the trial court did not lose jurisdiction over the subject matter until the end of the term of court. This common law rule is not applicable where an appeal has been taken because the appeal "completely divests the district court of jurisdiction" except as provided in State v. White, supra. Divestiture occurs by the taking of an appeal because the appeal removes the litigation from the district court. Scott v. Newsom, 74 N.M. 399, 394 P.2d 253 (1964).

In this case no action has been taken to vacate the notice of appeal filed December 22, 1970. No motion was pending at that time. Thus, the trial court was without jurisdiction to set aside the original judgment and sentence.

The original judgment and sentence are improper because under the inapplicable general statute. State v. Thorn, supra; State v. McNeece, supra.

The judgment and sentence are reversed. The cause is remanded with instructions to dismiss the charge against defendants under the inapplicable statute.

It is so ordered.

SUTIN, and COWAN, JJ., concur.