508 P.2d 36

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Archie MARTINEZ and Michael A. Garcia, Defendants-Appellants.**

**No. 1075.**

Court of Appeals of New Mexico.

March 9, 1973.

Jeffrey L. Fornaciari, Taos, for defendants-appellants.

David L. Norvell, Atty. Gen., Dee C. Blythe, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendants pled guilty to burglary. Section 40A–16–3, N.M.S.A.1953 (2nd Repl. Vol. 6). Their appeals assert their pleas were involuntary and their convictions were constitutionally invalid. In addition, they claim fundamental error.

■ First, we have no jurisdiction. The record indicates the appeals were not filed within the time provided by the applicable rules and there is no claim that a basis exists for avoiding the effect of the rules. Section 21–2–1(5)(1), N.M.S.A.1953 (Repl. Vol. 4). See State v. Garlick, 80 N.M. 352, 456 P.2d 185 (1969); State v. Sedillo, 81 N.M. 622, 471 P.2d 192 (Ct.App.1970).

■ Second, we cannot hold there was fundamental error as a matter of law. The conflicts in the record are such that we cannot say there was error which went to the foundation of the case or which deprived defendants of rights essential to their defense. See Smith v. State, 79 N.M. 450, 444 P.2d 961 (1968); State v. Jaramillo (Ct.App.), 84 N.M. 800, 498 P.2d 687, decided February 16, 1973.

■ Third, the merits of the remaining contentions were never presented to nor ruled on by the trial court and, thus, cannot be raised for the first time on appeal. State v. Colvin, 82 N.M. 287, 480 P.2d 401 (Ct.App.1971); State v. Tafoya, 81 N.M. 686, 472 P.2d 651 (Ct.App.1970).

Fourth, the claims made, if true, would raise serious questions as to the constitutional validity of the guilty pleas. However, because of the conflicts in the record, we cannot say there is a basis for the claims. These claims may be asserted in a motion for post-conviction relief. Section 21–1–1(93), N.M.S.A.1953 (Repl.Vol. 4).

The appeal is dismissed.

It is so ordered.

SUTIN and LOPEZ, JJ., concur.