512 P.2d 88

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**J. Armando VIGIL, Defendant-Appellant.**

**No. 1125.**

Court of Appeals of New Mexico.

June 20, 1973.

James M. Scarborough, Scarborough & Scarborough, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant pled guilty to statutory rape. Section 40A–9–3, N.M.S.A.1953 (2d Repl. Vol. 6).` His appeal asserts: (1) the criminal information did not charge a crime; (2) the trial court did not have jurisdiction; (3) the charge should have been dismissed under § 21–1–1(95), N.M.S.A.1953 (Repl.Vol. 4, Supp.1971); and (4) his guilty plea was involuntary.

*Sufficiency of the criminal information.*

In defining statutory rape § 40A–9–3, supra, refers to sexual intercourse by a male with a female. It also provides the rape is a higher felony degree (from fourth to third degree) if the male is twenty-one years of age or older.

The criminal information did not specifically allege that defendant was a male or twenty-one years of age or older. On this basis, defendant asserts no crime was charged.

Under § 41–6–7, N.M.S.A.1953 (2d Repl. Vol. 6) an information was valid and sufficient if it charged the offense by reference to the statute creating the offense. The information did this; it charged defendant with statutory rape in violation of § 40A–9–3, supra. The information being sufficient under § 41–6–7, supra, the asserted insufficiency of additional allegations need not be discussed. Section 41–6–36, N.M.S.A.1953 (2d Repl.Vol. 6); State v. Lucero, 79 N.M. 131, 440 P.2d 806 (Ct. App.1968); see also State v. Turner, 81 N.M. 450, 468 P.2d 421 (Ct.App.1970).

The foregoing does not dispose of this issue. Sections 41–6–7 and 41–6–36, supra, are rules of the New Mexico Supreme Court which, by order of that Court dated May 3, 1972, were repealed as of July 1, 1972, on which date the new rules of criminal procedure went into effect. See Compiler's note to § 41–23–1, N.M.S. 1953 (2d Repl.Vol. 6, 1972 Spec.Supp.). The information was filed August 31, 1972. Accordingly the sufficiency of the information is to be judged under the rules effective July 1, 1972. These rules appear in §§ 41–23–1 through 41–23–55, N.M.S.A.1953 (2d Repl.Vol. 6, 1972 Spec.Supp.).

Section 41–23–5(c), supra, defines an information as "* * * a written statement, signed by the district attorney, containing the essential facts, common name of the offense, and, if applicable, a specific section number of the New Mexico Statutes which defines the offense. * * *" The wording indicates this new rule imposes stricter requirements than did § 41–6–7, supra, inasmuch as the reference to essential facts, common name and statutory section number are stated in the conjunctive.

The University of New Mexico School of Law has published and copyrighted a commentary to the new rules of criminal procedure. The commentary to § 41–23–5,

supra, states: "Essential facts must be set forth in an information. * * *" That commentary also points out that some facts may be treated as unnecessary allegations. Sections 41–23–7 and 41–23–8, supra. This does no more than pose the issue. Are allegations of the sex and age of the defendant essential facts to a charge of statutory rape?

In our opinion the question of whether a fact is "essential" depends on that which is conveyed by other parts of the information. Here, the information gave the common name—statutory rape—and gave the statutory section number. It would seem that these two items convey that which is necessary to validly charge the criminal offense. We hold that a criminal information charging statutory rape is valid and states the requisite essential facts when it charges that offense by referring both to the common name of the offense and its statutory section number.

In adopting § 41–23–5(c), supra, the New Mexico Supreme Court may have intended that factual references be stated in addition to a reference to the common name and statutory section number. The information charges that defendant "* * committed an act of sexual intercourse with a female under the age of sixteen (16) years, who was not his wife." Under this alternative ruling we hold that the facts above quoted are a sufficient charge of the "essential facts."

The information did not fail to charge a crime by not specifically stating the sex and age of defendant.

*Jurisdiction.*

Defendant was originally indicted by a grand jury. One of the three counts in the indictment charged defendant with statutory rape. The indictment was dismissed and a criminal information was filed charging one count of statutory rape. Defendant's plea of guilty was to the information. The issues raised in this point are directed to the timing of the dismissal of the indictment and the filing of the information.

Defendant asserts the information had not been filed at the point in time he was arraigned and pled guilty. Thus, he asserts the trial court had no jurisdiction to accept a plea to a charge which had not been filed. This contention is factually inaccurate. The record shows that the trial court ordered the information "filed as of now." This was prior to the arraignment and plea.

Defendant claims the trial court's order was of no effect because the court did not note on the information that it had been filed with him on the date of the filing. The authority cited by defendant need not be discussed; that authority is directed to filing requirements prior to the new criminal rules. Our consideration is of the requirements of the new rules.

Section 41–23–3(d), supra, states: "* * * the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and transmit them to the office of the clerk." We agree with defendant that the trial court violated this rule; it did not note the filing date on the information.

What is the effect of this violation? In this case, the answer is provided by § 41–23–7, supra. Paragraph (a) of that section provides: "A complaint, indictment or information shall not be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected, because of any defect, error, omission, imperfection * * * which does not prejudice the substantial rights of the defendant upon the merits. * * *" Paragraph (d) of that section states: "No appeal * * * based on any such defect * * * shall be sustained unless it is affirmatively shown that the defendant was in fact prejudiced thereby in his defense on the merits."

In this case, the prosecution was commenced by the filing of the information. Section 41–23–5(a), supra. Upon that filing, the district court had jurisdiction. N. M.Const. Art. VI, § 13; State v. Vaughn, 74 N.M. 365, 393 P.2d 711 (1964). That

jurisdiction was not lost by the failure of the trial court to note the date of filing on the information. There is nothing showing defendant was prejudiced in his defense on the merits.

Defendant also asserts that the trial court lacked jurisdiction to arraign defendant and accept his plea in connection with the information because the indictment had not been formally dismissed at that time. The factual basis for this contention is that one count of the indictment and the information charged the same offense of statutory rape. Defendant had previously pled not guilty to the statutory rape charged in the indictment. Defendant claims no plea could be taken in connection with the information until the plea on the indictment had been withdrawn.

Our answer is based on the facts. Defendant's attorney pointed out to the court that the indictment was to be dismissed and a guilty plea entered to the information. The State agreed this was correct. The trial court then stated: "The plea will be accepted and the indictment will be dismissed. * * *" The indictment was in fact dismissed in the formal "Judgment and Sentence" of the court.

Under these facts, we need not concern ourselves with technical legal requirements as to whether the indictment should have been formally dismissed prior to the plea to the information. We need not do so because there is nothing to show any prejudice to defendant. Section 41–23–7, supra.

Defendant's jurisdictional claims are without merit.

*Whether there should have been a dismissal under § 21–1–1(95), supra.*

Section 21–1–1(95), supra, provides that trial of criminal cases in the district court are to be commenced within six months of the filing of the information or indictment unless the time is extended as provided by that rule. If the trial is not so commenced "* * * the information or indictment filed against such person shall be dismissed with prejudice." Section 21–1–1(95), (4), supra.

The record in this case refers to two indictments and one information. One indictment is Number 4232. Since defendant has not been convicted under this indictment and since this indictment has been dismissed, we are not concerned with Number 4232.

The indictment containing the statutory rape charge, and to which we referred earlier in this opinion, is Number 4224. It was filed December 13, 1971. While the record before us does not show any extension of time, the records of the New Mexico Supreme Court show that an extension was granted. We take judicial notice of the records of the New Mexico Supreme Court. Ex Parte Lott, 77 N.M. 612, 426 P.2d 588 (1967); compare Miller v. Smith, 59 N.M. 235, 282 P.2d 715 (1955); State v. Turner, 81 N.M. 571, 469 P.2d 720 (Ct.App.1970). The Supreme Court records show an application for an extension of time in Number 4224 was filed June 2, 1972, and was granted June 8, 1972. The extension was until August 1, 1972. See State v. Vigil, Supreme Court Number 8000–149.

The Supreme Court extension does not dispose of this issue. No trial was commenced by August 1, 1972. Instead on August 31, 1972, a criminal information was filed. This information bears the same number, 4224, as does the indictment. The information charged the same statutory rape offense as was charged in the indictment. Defendant pled guilty to the charge in the information on August 31, 1972. The indictment was dismissed.

Defendant contends § 21–1–1(95), supra, is mandatory. Under this argument, having judicially noticed the Supreme Court records § 21–1–1(95), supra, seems to have required dismissal of the statutory rape charge on August 2, 1972. To answer this contention, we assume, but do not decide, that § 21–1–1(95), supra, applies to a case where there has been no trial and the case has been disposed of by a guilty plea. Further, since the same statutory rape charge was included in both the indictment

and the information, we assume, but do not decide, that a dismissal of the indictment and the filing of the information after the extension granted by the Supreme Court had expired, would not avoid the requirements of § 21-1-1(95), supra. Compare State ex rel. Delgado v. Stanley, 83 N.M. 626, 495 P.2d 1073 (1972) where the dismissal and refiling was within the six month period.

■ Even with these assumptions, defendant is not entitled to a dismissal. The purpose of § 21-1-1(95), supra, is to speed up criminal trials. This purpose is similar to the provisions of § 21-1-1(41)(e), N. M.S.A.1953 (Repl.Vol. 4) which applies to civil proceedings. Section 21-1-1(41)(e), supra, requires a plaintiff to take action to bring the cause to its final determination within a specified time and if the plaintiff does not, an opposing party may have the same dismissed with prejudice. Concerning § 21-1-1(41)(e), supra, Martin v. Leonard Motor-El Paso, 75 N.M. 219, 402 P.2d 954 (1965) states: " * * * the rights afforded by the rule are intended to expedite the prosecution of litigation in our courts, and that to be effective in accomplishing that purpose, the defendant may not sleep upon such rights and permit a party to continue prosecution of a case which is subject to being dismissed upon motion. * * *"

In our opinion, the reasoning of Martin v. Leonard Motor-El Paso, supra, is applicable to this case. Once the time has expired under § 21-1-1(95), supra, the criminal charge shall be dismissed if the defendant asks for dismissal. Defendant did not ask for dismissal of the statutory rape charge; his representation to the trial court on August 31, 1972, was that the indictment was to be dismissed and he would plead guilty to the information. No issue was raised in the trial court concerning § 21-1-1(95), supra.

■ We hold that a dismissal of a criminal charge for failure to commence trial within the time requirements of § 21-1-1(95), supra, is not mandatory unless the defendant seeks a dismissal. See Ex Parte Apakean, 63 Cal.App. 438, 218 P. 767 (1923). With this ruling, the posture of this point is that defendant seeks reversal on the basis of an issue which was never presented to the trial court. He may not raise that issue here for the first time. State v. Williams, 83 N.M. 477, 493 P.2d 962 (Ct.App.1972).

*Voluntariness of the guilty plea.*

Defendant asserts he did not voluntarily plead guilty to statutory rape. This claim subdivides into two aspects—raising the issue and the required record showing for a voluntary guilty plea.

■ Approximately three weeks after sentence was imposed, defendant moved that the judgment and sentence be set aside and that defendant be resentenced. Among the grounds alleged in support of this motion was the contention that defendant did not knowingly and fully understand the consequences of his plea. Defendant alleges that he had understood he would receive a suspended sentence and not be sentenced to the penitentiary. The motion raised the issue of voluntariness. State v. Ortiz, 77 N.M. 751, 427 P.2d 264 (1967).

Defendant's motion has never been ruled on by the trial court. Instead, defendant proceeded to take and perfect this appeal. Our concern is not with the trial court's jurisdiction to act, State v. Clemons, 83 N. M. 674, 496 P.2d 167 (Ct.App.1972), but with the fact that defendant's claim of involuntariness of his plea has never been considered by the trial court.

Defendant asserts in this Court that the issue of an involuntary plea may be raised for the first time on appeal. He relies on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In *Boykin* the issue of the voluntariness of the guilty plea was held to have been properly raised for the first time on appeal because of the wording of an Alabama statute providing for an automatic appeal in capital cases. *Boykin* does not hold, as a general proposition, that the question of the voluntariness

of a guilty plea may be raised for the first time on appeal.

The reason for requiring the question of voluntariness to be ruled on by the trial court is demonstrated in this case. Defendant's motion implies that a bargain as to his sentence has not been kept. This is a factual matter which this Court is not equipped to resolve since the matter necessarily involves how defendant acquired his understanding as to the sentence that would be imposed and necessarily involves the credibility of witnesses on that issue. See State v. Murray, 81 N.M. 445, 468 P.2d 416 (Ct.App.1970).

 This Court has previously held that the issue of voluntariness of a guilty plea cannot be raised for the first time on appeal. State v. Martinez, 84 N.M. 766, 508 P.2d 36 (Ct.App.1973); State v. Bachicha, 84 N.M. 395, 503 P.2d 1173 (Ct.App. 1972). We affirm those decisions and hold, here, that the issue as to the voluntariness of defendant's guilty plea, not having been ruled on by the trial court, is not before us for review.

On what basis is the trial court to judge the voluntariness of a guilty plea? Under Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968) the trial court must ascertain that the defendant knows the consequences of his plea and advise him of those consequences if the defendant is not otherwise advised. Boykin v. Alabama, supra, does not add to the *Neller* rule when it requires the trial court to make sure a defendant " * * * has a full understanding of what the plea connotes and of its consequence. * * * " In addition, under *Boykin*, the record must show an effective waiver of three constitutional rights—the privilege against self-incrimination, the right to trial by jury and the right to face one's accusers. State v. Elledge, 81 N.M. 18, 462 P.2d 152 (Ct.App.1969); see State v. Guy, 81 N.M. 641, 471 P.2d 675 (Ct.App.1970); State v. Murray, supra.

 The requirements for a voluntary guilty plea stated in Neller v. State, supra, and Boykin v. Alabama, supra, must affirmatively appear in the record.

This discussion of the requirements for a voluntary guilty plea is in answer to defendant's claim that certain specified inquiries should have been made by the trial court. Certain of these inquiries, which we are urged to adopt, are procedural requirements of other jurisdictions. See State v. Guy, supra; State v. Murray, supra. We decline to outline a list of specific inquiries, being of the opinion that the requirements of Neller v. State, supra, and Boykin v. Alabama, supra, are sufficient for a determination of the voluntariness of a guilty plea.

The judgment and sentence is affirmed. It is so ordered.

HENDLEY, J., concurs.

B. C. HERNANDEZ, J., specially concurring.

HERNANDEZ, Judge (specially concurring).

While I concur with the affirmance of defendant's conviction, I do not concur with one of the court's conclusions relating the sufficiency of the information; and I believe that the point relating to the voluntariness of the plea requires additional comment.

(1) *Sufficiency of the criminal information.*

I agree with the alternative holding of the court that the information was sufficient in that it: (1) contained the common name of the offense, "statutory rape", (2) referred to the specific section number of the New Mexico statutes which defines the offense, and (3) contained some of the essential facts necessary to give the defendant notice of the crime charged, to-wit: " * * * committed an act of sexual intercourse with a female under the age of sixteen (16) years, who was not his wife."

However, I do not agree with the court's first holding on this issue that merely giv-

ing the common name of the offense and the statutory citation is sufficient for a valid information in this instance.

Prior to the adoption of the present rules of criminal procedure, § 40–23–1 et seq., N.M.S.A.1953 (2d Repl.Vol. 6, 1972 Spec.Supp.), an information was sufficient if it indicated the offense charged in any one of three ways, one of which was by reference to the particular statutory provision alleged to have been violated. § 41–6–7(c), N.M.S.A.1953 (2d Repl.Vol. 6) (repealed); State v. Romero, 69 N.M. 187, 365 P.2d 58 (1961); State v. Cummings, 63 N.M. 337, 319 P.2d 946 (1957).

Under the new rules of criminal procedure, applicable to defendant's prosecution, Rule 6(c), § 41–23–6(c), N.M.S.A.1953 (2d Repl.Vol. 6, 1972 Spec.Supp.), provides, in part:

"An information is a written statement, signed by the district attorney, containing the essential facts, common name of the offense, and, if applicable, a specific section number of the New Mexico Statutes which defines the offense."

Section 41–23–8(a), N.M.S.A.1953 (2d Repl.Vol. 6, 1972 Spec.Supp.) provides:

"It shall be unnecessary for a complaint, indictment or an information to contain the following allegations unless such allegations are necessary to give the defendant notice of the crime charged: (1) time of the commission of offense; (2) place of the commission of offense; (3) means by which the offense was committed; (4) value or price of any property; (5) ownership of property; (6) intent with which an act was done; (7) description of any place or thing; (8) the particular character, number, denomination, kind, species, or nature of money, checks, drafts, bills of exchange, or other currency; (9) the specific degree of the offense charged; (10) any statutory exceptions to the offense charged; or (11) any other similar allegation."

I do not believe that the phrase "essential facts" in Rule 6 can be disregarded, since its inclusion is an obvious departure from the prior rule, § 41–6–7(c) supra, which permitted an information to be framed solely in terms of a statutory reference. Rule 8 helps in understanding what essential facts should be included since it enumerates what "allegations" need not be included unless they "are necessary to give the defendant notice of the crime charged." I believe that "allegations" as used in Rule 8 must be read as being synonymous with the word "facts." A reading of these two rules convinces me that "essential facts" in rule 6 must be read as "such essential facts as are necessary to give the defendant notice of the crime charged." If an information charges a crime by a "common name" which might not be readily understood by a layman, then it must contain such other "essential facts" as are necessary to give the defendant notice of the crime charged.

In this case, the term "statutory rape", in my opinion, is not within a layman's common understanding. The term "rape" alone probably does connote the elements of that crime to a layman, including for example, the idea of force, lack of consent, etc. Since the crime of statutory rape makes consent and force immaterial, and since the age of the victim is crucial, further explanation in the information is necessary. I believe that the two elements of the crime, the act of intercourse and that the victim was under the age of sixteen must be included.

Similarly, I believe that an information charging burglary must be accompanied by some further explanation of the crime. The average person associates the crime of burglary with the entry of a building with the intent to steal. But the statutory definition of burglary is much broader: "Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure . . . with the intent to commit *any felony* . . . therein." [Emphasis mine] § 40A–16–3, N.M.S.A.1953 (2d Repl.Vol. 6). An information validly charging the crime of "burglary"

should contain both an allegation of unauthorized entry plus an explanation of the actual felony alleged to have been committed, or intended to have been committed, in the building.

Thus, the court's conclusion that the common name of the offense plus the statutory citation "convey that which is necessary to validly charge the criminal offense" misses what I consider to be a central purpose of the change in Rule 6(c) supra, the inclusion of the "essential facts" requirement, and is tantamount to a return to the old rules.

(2) *Voluntariness of the guilty plea.*

I agree that the question of the voluntariness of defendant's plea is not properly before this court because it has not been ruled on by the court below; but since the opinion discusses the procedures to be followed in receiving guilty pleas, I feel that the discussion should be amplified.

Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969), placed a conscience-straining duty on all trial courts by pointing out:

> "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable *in canvassing the matter with the accused* to make sure he has a full understanding of what the plea connotes and of its consequence." [Emphasis mine]

After Boykin, reliance on Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968), in my opinion, is misplaced. Neller required that a trial court "ascertain that a defendant knows the consequences of his plea and to advise him of those consequences *if he is not otherwise advised.*" [Emphasis mine] The court in Neller went on to point out that presence of counsel "is a factor to be considered in determining the question of the need for or sufficiency of any admonition given by the court."

Since Boykin the trial court has a duty to determine to its own satisfaction that the plea of guilty is being intelligently and understandingly made and there must be an affirmative showing of waiver in the record, irrespective of the presence or advice of counsel, of three constitutional protections enjoyed by criminal defendants who proceed to trial on the merits.

While I do not advocate a "laundry list" approach to a trial court's inquiry on the subject of voluntariness certainly something more is required than what occurred in the instant case if the spirit of Boykin is to be observed. The colloquy between trial court and defendant in this case is as follows:

"THE COURT: * * * Do you read, understand and write English?

"THE DEFENDANT: Yes sir, Your Honor.

"THE COURT: Do you know that you are entitled to a jury trial on the charges against you?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: And the right to be confronted by witnesses against you?

"THE DEFENDANT: Yes.

"THE COURT: And the right to remain silent?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: You have consulted with your attorney, Mr. Prince, and have been advised in connection with this matter thoroughly?

"THE DEFENDANT: Yes, sir.

"THE COURT: Proceed."

As a threshold matter, the trial court should direct the inquiry to the defendant and not to defendant's counsel. See Rule 11, Federal Rules of Criminal Procedure. In my judgment it is extremely important that a defendant who is voluntarily agreeing to a criminal conviction take an active and affirmative part in the proceeding. Voluntariness is a question of the state of mind of the defendant, not of defendant's counsel, and any inquiry into the defendant's state of mind should be determined by statements made by the defendant.

One of the greatest concerns of the average criminal defendant who pleads guilty is the length and type of sentence he will receive. Presently, there is no requirement that the trial court engage in a colloquy with the defendant on the matter of sentencing. I believe this is a serious defect. The trial court should explain both maximum and minimum sentences possible for the crime charged, and should, if relevant, explain the possibility of a separate "habitual criminal" information being filed after the guilty plea.

In this respect I would urge the trial courts to adopt the suggestions made by Section 1.4, American Bar Association Standards Relating to Pleas of Guilty (Tentative Draft, 1967):

> "The court should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and
>
> * * *
>
> (c) informing him:
>
> (i) of the maximum possible sentence, if any, on the charge, including that possible from consecutive sentences;
>
> (ii) of the mandatory minimum sentence, if any, on the charge;
> and
>
> (iii) when the offense charged is one for which a different or additional punishment is authorized by reason of the fact that the defendant has previously been convicted of an offense, that this fact may be established after his plea in the present action if he has been previously convicted, thereby subjecting him to such different or additional punishment."

There is no indication in this record that the defendant was fully aware of the precise nature and consequences of the charge against him or that he was aware of the possible sentence he could receive. There is reason to infer that he thought that he would be given a suspended sentence. The sentence actually imposed was not less than two or more than ten years. The trial court should have discussed the sentencing possibilities with the defendant. The question "You have consulted with your attorney . . . and have been advised in connection with this matter thoroughly?" is not a satisfactory substitute for a discussion between the trial court and the defendant. The words of Mr. Justice Douglas in Boykin are particularly appropriate here: "When the judge discharges that function [of making full and proper inquiry before receiving the plea], he leaves a record adequate for any review that may be later sought [citations omitted], and forestalls the spin-off of collateral proceedings that seek to probe murky memories."

In the last analysis, of course, we must depend on the integrity and alertness of the trial courts to insure that guilty pleas are the product of an intelligent and understanding decision on the part of the defendant. Any list of areas of inquiry cannot substitute for the alert "solicitude" exercised by a trial judge. These proceedings cannot be standardized by rigid lists of questions that ultimately will turn into rote exercises. "The responsibility of the judge varies depending upon such circumstances as the complexity and comprehensibility of the indictment and the defendant's intelligence, education, age, and experience." Commentary to ABA Standards, § 1.4, supra. Both the court and the defendant must play an active role in these proceedings and this active role must be affirmatively shown in the record.