This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39389**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**HERBERT MANYGOAT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, from the Eleventh Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2019-002, effective October 1, 2019. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals his convictions, after a bench trial, for two counts of aggravated assault (deadly weapon), and one count of criminal damage to property (over $1000). The victims of the assault were alleged to be Alicia Platero and Ursula Bitsuie. [RP 1] On appeal, Defendant's sole issue challenges the sufficiency of the evidence to support these convictions.

**{3}** When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{4}** In order to support the aggravated assault convictions, the evidence had to show that Defendant unlawfully assaulted or struck the two victims with a deadly weapon. [RP 1] NMSA 1978, § 30-3-2(A) (1963). In order to support the criminal damage to property conviction, the evidence had to show that Defendant intentionally damaged any real or personal property of another without the consent of the owner of the property, and that this damage amounted to over $1,000. NMSA 1978, § 30-15-1 (1963).

**{5}** The State in this case presented sufficient evidence to support these elements. Specifically, the floor manager of a trading post/pawn business that has private mailboxes testified that Defendant had a mailbox there and he came into the store to check his mail. [RP 108-09] Defendant returned later and started throwing rocks in the business, including at least one that damaged a showcase. [RP 109] The floor manager testified that the rocks were big enough to cause damage, with one about the size of a potato. [109-110] She further testified that two employees (Alicia and Ursula) had rocks thrown at them before they fled toward the vault. [RP 111] Alicia and Ursula both testified that Defendant threw rocks at them during this incident and that the rocks damaged property. [RP 111-115] The manner in which Defendant used the rocks during this assault supported the deadly weapon element of the crimes. *See* UJI 14-304 NMRA.

**{6}** The damaged property in this case included a window, a display case, and a mirror. [BIC 3] Kurt Cook, who manages the business, testified that he wrote the check for the repair of the damages, and the amount exceeded $1,000. [RP 116-117] Although Defendant claims [BIC 5] that the manager was not the owner of the business and therefore could not testify as to the value of the damaged property, our case law indicates otherwise given Cook's familiarity with the property and the fact that he wrote the check to repair the damages. *See, e.g.*, *State v. Williams*, 1972-NMCA-011, ¶ 2, 83

N.M. 477, 493 P.2d 962 (holding that the motel manager who was familiar with the stolen items was qualified to testify about their value).

**{7}** Based on the foregoing, we affirm.

**{8}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**MEGAN P.  DUFFY, Judge**