478 P.2d 563

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Lonnie Joe RILEY, Defendant-Appellant.**

**No. 550.**

Court of Appeals of New Mexico.

Dec. 11, 1970.

C. N. Morris, Silver City, for defendant-appellant.

James A. Maloney, Atty. Gen., Leila Andrews, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendant was charged and convicted of unlawfully giving away a narcotic drug—marijuana. Section 54–7–14, N.M.S.A.1953 (Repl.Vol. 8, pt. 2). Defendant asserts two grounds for reversal. The second point is determinative of this appeal.

We reverse.

Section 54–7–14, supra, states:

*"Unlawful sale or delivery—Possession with intent to sell unlawfully.*—Whoever shall have in his possession a narcotic drug with intent unlawfully to sell and deliver such drug, or any part thereof, or whoever unlawfully sells, furnishes, gives away, or delivers any narcotic drug in violation of the provisions of this act, shall be punished as hereinafter provided."

Section 54–5–14, N.M.S.A.1953 (Repl.Vol. 8, pt. 2) states:

*"Possessing, planting, producing or disposing of cannabis indica prohibited—Exception.*—It shall be unlawful for any person, association, or corporation within this state to possess, plant, cultivate, produce, sell, barter or give away any cannibis [cannabis] indica, also known as hashis [hashish] and marijuana, be it known by whatever name, or preparation or derivative thereof; Provided nothing in this act [54–5–14, 54–5–15] shall be held to apply to the possession, sale, gift, barter or trade of cannabis indica by licensed physicians or licensed pharmacists upon the written prescription of regular licensed physicians, when the same is intended for medicinal or scientific purposes only."

Defendant contends he should have been charged under § 54–5–14, supra. He relies on State v. Blevins, 40 N.M. 367, 60 P.2d 208 (1936), and states that since both § 54–5–14, supra, and § 54–7–14, supra, condemn the same offense and since one is a special statute and the other a general statute, that he should have been charged under the special statute. We agree.

In State v. Blevins, supra, our Supreme Court, in discussing prosecutions under special and general statutes stated:

"* * * Does the state have a choice in the matter of initiating prosecutions for the sale of chattel property of the kind and description named in the special

statute, section 35–2405? We conclude that it does not. In 59 C.J. 1056, at section 623 under the subject 'Statutes,' the rule is stated as follows: 'Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute, unless it appears that the legislature intended to make the general act controlling; and this is true a fortiori when the special act is later in point of time, although the rule is applicable without regard to the respective dates of passage. It is a fundamental rule that where the general statute, if standing alone, would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute, whether it was passed before or after such general enactment. Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one; and where the general act is later, the special statute will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication.' "

The principle was followed in State v. Lujan, 76 N.M. 111, 412 P.2d 405 (1966), when the court quoted with approval from State v. Blevins, supra, the following:

" ' * * * the state had no alternative in the matter but to prosecute the appellant under the special statute, * * * ' "

Subsequently, the *Blevins* principle was quoted with approval in State v. Chavez, 77 N.M. 79, 419 P.2d 456 (1966); however *Chavez* held that since the penalty provi-

sion of § 54–7–14, supra, was amended by Chapter 146, Laws of 1961, and there being no amendment to § 54–5–14, supra, that the last expression of the Legislature would control and prosecution under § 54–7–14, supra, would be proper.

The foregoing statutes were enacted by the Laws of 1935. See dissent in State v. Chavez, supra, for amendments prior to 1969. Subsequently the penalty provisions of those sections (§ 54–7–15, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1969), § 54–5–15, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp. 1969)) and were amended by the Laws of 1969, ch. 236.

Section 54–7–14, supra, deals with "a narcotic drug" in general and comprehensive terms while § 54–5–14, supra, deals with "any cannibis [cannabis] indica, also known as hashis [hashish] and marijuana" in a minute and definite way. The same proof is required for a conviction of unlawfully giving away marijuana under either statute. Both statutes are violated with the single act of unlawfully giving away marijuana. See dissenting opinion of Justice Moise concurred in by Justice Carmody of State v. Chavez, supra. The State has no alternative but to prosecute under the special statute.

Even if we use the rationale of State v. Chavez, supra, we come to the same conclusion. The penalty provisions of both § 54–7–14, supra and § 54–5–14, supra, were amended by the Laws of 1969, ch. 236. Under *Chavez* this would mean that the Legislature having spoken as to both § 54–5–14, supra, and § 54–7–14, supra, the special statute would be operative. State v. Blevins, supra.

Defendant has been prosecuted, convicted and sentenced under inapplicable statutes. The conviction and sentence is reversed. The cause is remanded with instructions to vacate the conviction, judgment and sentence, and dismiss the charge under which defendant was prosecuted.

It is so ordered.

SPIESS, C. J., concurs.

WOOD, J., specially concurs.

OMAN, J., not participating.

WOOD, Judge (specially concurring).

I agree with the result and with most of the reasoning in the majority opinion. I recognize that the remarks made in this special concurrence are not necessary to a decision in this case. Yet, I feel the remarks are appropriate because of the uncertainty that has existed in the last few years as to the proper statute under which marijuana prosecutions should be filed.

The problem of uncertainty as to the applicable marijuana statute bottoms on a constitutional provision. That provision is equal protection of the law. If the State enacts two laws prohibiting the same act and provides a different penalty in each act, the result is that the prosecuting authority is in a position to choose which of the two laws he will charge a defendant with violating. If the prosecutor is in the position to choose, then we have a constitutional violation because in that situation there is unequal protection of the law. State v. Chavez, supra.

For years New Mexico has had both general and special legislative acts prohibiting certain actions in connection with marijuana. Because of these two provisions, and because constitutionally the State is not free to pick the statute under which it will proceed, the need for certainty as to the applicable statute was apparent. An answer providing certainty was given as long ago as 1936 when our Supreme Court held that where both the general and special act applied to the conduct under consideration, the special act was the applicable act. State v. Blevins, supra.

However, beginning with Aragon v. Cox, 75 N.M. 537, 407 P.2d 673 (1965), continuing with State v. Chavez, supra, and continuing through the 1969 amendments (Laws 1969, ch. 236) to both the general and special acts, we have had uncertainty

compounded. *Aragon* would allow the State to pick and choose the applicable statute. *Chavez* repudiated *Aragon* but found the general act to control on the basis that the penalty to the general act was the last amendment and, therefore, the last expression of legislative intent. The 1969 amendments showed the *Chavez* approach to be an impractical guide to certainty since it amended the penalty sections of *both* the general and special acts. The 1969 amendments did even more. Section 3 of those amendments (Law 1969, ch. 236, § 3), pertaining to "illegal use," makes illegal use of a narcotic drug (which by definition includes marijuana) a felony in Paragraph A. But in Paragraph B, illegal use of marijuana is a misdemeanor. Because of these inconsistencies, I see no way to arrive at a legislative intent of any kind in the 1969 amendments.

With no guide within the 1969 amendments as to legislative intent, we return then to the rule of State v. Blevins, supra; that is the rule the majority applies and in which I concur. In doing so, however, the majority leaves open the possibility that the method used by the majority in State v. Chavez, supra, in arriving at legislative intent, may still be considered a valid approach to determining legislative intent. It opens up this possibility when it says: "Even if we use the rationale of State v. Chavez, supra, we come to the same conclusion."

In State v. Chavez, supra, the majority of our Supreme Court found the general and special acts to be in pari materia and since the *penalty* of the general statute had been last amended, held that the legislature "impliedly intended" the general act to control. Instead of seeing such a legislative intent, I see a logical hiatus in the reasoning of the majority. The legislature obviously intended to amend the penalty of the general act. It stated that *if* you violate the general act, you must suffer a greater penalty. How, however, can the amendment to the *penalty* section of the general statute be construed to include an

238

intent that the general act controls over the special act?

Further, the reasoning of the majority in State v. Chavez, supra, is completely answered in the dissenting opinion in that case. The majority opinion in this case follows the dissent in State v. Chavez, supra, when it declares the determinative precedent to be State v. Blevins, supra.

Thus, my points are:

1. The result in State v. Chavez, supra, is wrong; the reasoning in State v. Chavez, supra, is wrong; the dissent in State v. Chavez, supra, is correct.

2. The majority opinion in this case follows the dissent in State v. Chavez, supra.

3. The opinion in this case should make it clear that the reasoning of the majority in State v. Chavez, supra, is not a guide to solution of future problems involving the general versus the special statute on marijuana.