1999-NMCA-003

973 P.2d 855

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Max TRUJILLO, Defendant–Appellant.**

No. 18,283.

Court of Appeals of New Mexico.

Oct. 29, 1998.

Tom Udall, Attorney General, Ralph E. Trujillo, Assistant Attorney General, Santa Fe, for Appellee.

Phyllis H. Subin, Chief Public Defender, Lisabeth L. Occhialino, Assistant Appellate Defender, Santa Fe, for Appellant.

## OPINION

HARTZ, Chief Judge.

{1} Absent an emergency clause, a law passed by the New Mexico Legislature ordinarily does not go into effect until at least ninety days after its passage. *See* N.M. Const. art. IV, § 23. The obvious purpose of the delay is to provide time for those affected by the law to receive notice and make any necessary adjustments. Sometimes, however, the necessary adjustments are not accomplished within the allotted time. In the case before us, the State prosecuted an alleged incident of domestic violence in a manner that would have been appropriate a few weeks earlier; but the State's failure to change procedures to conform to a new statute has unnecessarily complicated matters.

{2} After a trial in metropolitan court, Defendant was convicted of battery, in violation of NMSA 1978, § 30-3-4 (1963). He contends that on appeal to the district court he was entitled to a trial de novo rather than just an on-record review of the metropolitan court proceeding. We agree. He would have been limited to an on-record appeal in district court only if he had been charged and convicted under the battery-against-a-household-member statute, NMSA 1978, § 30-3-15 (1995), which became effective five weeks before the battery of which he was convicted in metropolitan court. Because Defendant was convicted of only simple battery, we hold that he was entitled to a trial de novo in district court. We also hold that he adequately preserved his claim that he was entitled to a trial de novo.

## BACKGROUND

{3} On August 29, 1995, a criminal complaint was filed against Defendant, charging him with punching his sister-in-law in the mouth on August 4, 1995, in violation of Section 30-3-4. Judgment was entered on April 17, 1996. It states in pertinent part: "Battery 180 days jail, 130 days suspended." Defendant filed a notice of appeal to district court on April 30. His statement of issues filed on June 3 sets forth the sole issue as follows: "[S]ince the offense named in the criminal complaint is not the specific statute prohibiting battery 'against a household member[,'] Appellant is entitled to a trial de novo in the District Court." The district court affirmed the judgment and sentence of the metropolitan court, holding that Defendant had failed to preserve in the trial court his argument that he was entitled to a trial de novo on appeal. Defendant then appealed to this Court.

## DISCUSSION

### A. Right to De Novo Appeal

{4} Depending on the type of case, appeals from the metropolitan court to district court may be de novo or on the record. For de novo appeals the district court conducts a new trial, as if trial in metropolitan court had not occurred. *See* Rule 7-703(J)-(L) NMRA 1998; *State v. Hoffman*, 114 N.M. 445, 446, 839 P.2d 1333, 1334 (Ct.App.1992). For on-record appeals the district court acts as a typical appellate court, with the district judge simply reviewing the record of the metropolitan court trial for legal error. *See* Rule 7-706 NMRA 1998.

{5} An on-record appeal requires that the metropolitan court proceedings have been on the record. According to NMSA 1978, § 34-8A-6(C) (1993), "[t]he metropolitan court is a court of record for criminal actions involving driving while under the influence of intoxicating liquors or drugs or *involving domestic violence*." (Emphasis added.) For other criminal actions the met-

ropolitan court is not a court of record and appeals are de novo. *See* § 34–8A–6(D).

■ {6} The State's position is straightforward. It contends that Defendant was not entitled to a trial de novo because he was convicted of a crime "involving domestic violence." Section 34–8A–6(C) defines "[a] criminal action involving domestic violence [as] an assault or battery under any state law or municipal or county ordinance in which the alleged victim is a household member as defined in the Family Violence Protection Act [NMSA 1978, §§ 40–13–1 to –7 (1987, as amended through 1995)]." The definition of "household member" under that act is a broad one. Section 40–13–2(D) (1995) states: " '[H]ousehold member' means a spouse, former spouse, family member, including a relative, parent, present or former stepparent, present or former in-law, child or co-parent of a child, or a person with whom the petitioner has had a continuing personal relationship." As noted by the State, Defendant acknowledged in his statement of issues filed in district court that the victim was a "household member." Thus, concludes the State, because Defendant was convicted of a battery under state law and the victim was a household member, the case satisfied the requirements of Section 34–8A–6(C) for an on-record trial and appeal. *See State ex rel. Schwartz v. Sanchez*, 1997–NMSC–021, ¶ 7, 123 N.M. 165, 936 P.2d 334 (all acts of domestic abuse included in the Family Violence Protection Act are to be tried on the record in metropolitan court).

.{7} The State's argument might be compelling if the alleged battery of August 4, 1995, had occurred five weeks earlier. But on July 1, 1995, Section 30–3–15 took effect. *See* 1995 N.M.Laws, ch. 221, § 8 (setting effective date). It defined the new offense of "battery against a household member." Although this enactment did not amend the statute governing on-record appeals. Section 34–8A–6, it changed the way that the State must prosecute a battery that it desires to pursue as a "criminal action involving domestic violence" for purposes of Section 34–8A–6(C). Because the State did not prosecute Defendant's alleged battery under the new statute. Section 30–3–15, it cannot contend that Defendant was convicted of a crime involving domestic violence. Hence, Defendant is entitled to a de novo appeal in district court.

{8} This result follows from the "general/specific" rule. The rule applies because Section 30–3–15 defines a crime that is a special case of the simple battery offense defined in Section 30–3–4. We compare the elements of the two battery statutes. Section 30–3–15(A) states: "Battery against a household member consists of the unlawful, intentional touching or application of force to the person of a household member, when done in a rude, insolent or angry manner." The applicable definition of "household member" appears in NMSA 1978, § 30–3–11 (1995), but the definition tracks that in the Family Violence Protection Act, Section 40–13–2(D), except for deletion of the word "child." Aside from the requirement that the victim be a "household member," the elements of the offense defined by Section 30–3–15(A) are identical to those for simple battery under Section 30–3–4, which states: "Battery is the unlawful. intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner."

■ {9} Thus, there can be no doubt that the conduct prohibited by Section 30–3–15 is simply a special case of the conduct prohibited by Section 30–3–4. In this circumstance, even though the two statutes carry the same penalties, *see* § 30–3–4 (petty misdemeanor); § 30–3–15(B) (petty misdemeanor), the prosecution must bring charges under Section 30–3–15(B) so long as it is contending that the victim is "a household member." (If the State is not certain that it can prove that the victim is a household member, it could charge under the two battery statutes in the alternative.) This is the teaching of *State v. Blevins*, 40 N.M. 367, 60 P.2d 208 (1936), which has been reaffirmed by our Supreme Court as recently as *State v. Yarborough*, 1996–NMSC–068, ¶ 26, 122 N.M. 596, 930 P.2d 131.

{10} In *Blevins* the information charged that the defendant had sold "one neat cattle of the property of R.L. Durham, without having any right to sell the same, contrary to

the provisions of Section 35–1617, New Mexico Statutes Annotated, 1929 Compilation." 40 N.M. at 367, 60 P.2d at 208–09 (internal quotation marks deleted). Section 35–1617 was a general statute prohibiting the sale of property without permission of the owner. The defendant contended that he should have been prosecuted under Section 35–2405, which made it a crime to "steal, embezzle, or knowingly kill, sell, drive, lead, or ride away, or in any manner deprive the owner of the immediate possession of any neat cattle [or other listed livestock.]" *Blevins,* 40 N.M. at 367, 60 P.2d at 209. The chief difference in the penalties for violation of the two statutes was that the maximum sentence under the livestock statute, § 35–2405, was five years, whereas the maximum under the unlawful-sale statute, § 35–1617, was ten years. *See Blevins,* 40 N.M. at 367–68, 60 P.2d at 210. Defendant was convicted and sentenced to five years in the penitentiary. *See id.* at 367, 60 P.2d at 209. Our Supreme Court held that the defendant should have been prosecuted under the livestock statute, § 35–2405. Saying that "the state had no alternative in the matter but to prosecute the appellant under the special statute," it set aside the conviction. *Id.* at 370, 60 P.2d at 210.

{11} This Court reached a similar result in *State v. Riley,* 82 N.M. 235, 478 P.2d 563 (Ct.App.1970). The defendant had been prosecuted for unlawfully giving away marijuana. He was charged and convicted under NMSA 1953, § 54–7–14, which prohibited the sale or delivery of "any narcotic drug." (There is no discussion in the opinion regarding whether marijuana fit the statutory definition of "narcotic drug.") The defendant contended that he should have been prosecuted under a more specific statute, NMSA 1953, § 54–5–14, which prohibited the sale or giving away of marijuana. Following *Blevins,* we agreed and remanded with instructions to dismiss the charge. *See Riley,* 82 N.M. at 236, 478 P.2d at 564.

■ {12} Given these precedents, our duty is clear. We presume that the Legislature is aware of reported New Mexico court decisions when it enacts legislation. *See Bettini v. City of Las Cruces,* 82 N.M. 633, 635,

485 P.2d 967, 969 (1971). On that premise, we conclude that one purpose of enacting Section 30–3–15 was to require, in accordance with *Blevins* and *Riley,* that battery of a household member be prosecuted under that statute rather than under the simple-battery statute, Section 30–3–4.

{13} That course was not followed in this case. Defendant was charged with simple battery, in violation of Section 30–3–4. The complaint refers to that section, not to Section 30–3–15. *See* Rule 7–201(A)(1) NMRA 1998 (complaint should note the specific statutory section, where applicable). We recognize that the complaint describes the victim as Defendant's sister-in-law, and therefore an amendment to the complaint to change the statutory reference to Section 30–3–15 may well have been permissible. *See* Rule 7–303(A) NMRA 1998 (allowing amendment that does not prejudice substantial rights of defendant); *State v. Wesson,* 83 N.M. 480, 481, 493 P.2d 965, 966 (Ct.App.1972) (permitting amendment of information to comply with *Riley* ). Yet, no such amendment was made, and the judgment states simply that the conviction was for "Battery." In these circumstances the statutory citation is not mere surplusage. We note that in both *Blevins* and *Riley* it appears that the allegations in the charging document would have been sufficient to state a violation under the proper statute; yet the appellate court in each case set aside the conviction rather than just relabelling the offense. *But cf. State v. Trujillo,* 91 N.M. 641, 642–43, 578 P.2d 342, 343–44 (Ct.App.1978) (patent typing error in statutory reference is not ground for dismissal).

{14} Recall that battery is a crime "involving domestic violence" under the on-record-appeal statute only if the victim of the battery is a household member. *See* § 34–8A–6(C). Thus, for the State now to contend that Defendant's battery conviction was for an offense "involving domestic violence" under Section 34–8A–6(C), it would have to concede that the battery was a battery of a household member. But in that event, Defendant should have been charged with and convicted of battery against a household member under Section 30–3–15. According

to *Blevins* and *Riley,* failure to prosecute for the specific offense would make it necessary to set aside the simple-battery conviction under Section 30–3–4 and dismiss the complaint.

{15} Dismissal, however, is not appropriate in this case. In both *Blevins* and *Riley* the verdict established that the defendant had been convicted of the wrong offense. That is not the situation here. The judgment shows only that the trial judge convicted Defendant of simple battery. We cannot say that the judge concluded beyond a reasonable doubt that the victim of the battery was a "household member." We, as an appellate court, have no power to find a missing element of a criminal offense, no matter how compelling the evidence may have been at trial. *See United States v. Hogue,* 132 F.3d 1087, 1092 (5th Cir.1998). We must treat the judgment below as if the State was unable to prove that the victim was a household member. We will not stretch the general/specific rule so far as to require that the State prosecute a defendant under the specific statute even when it is unable to prove the element of the offense that distinguishes the specific offense from the general one. The general/specific rule is a tool for determining legislative intent. *See State v. Arellano,* 1997–NMCA–074, ¶ 5, 123 N.M. 589, 943 P.2d 1042. We are confident that the legislative intent of the battery-against-a-household-member statute, § 30–3–15, was not to foreclose prosecution altogether when the State is unable to prove the victim's status.

{16} In short, we accept the record from the metropolitan court as it stands—with Defendant having been convicted of simple battery. Accordingly, Defendant is entitled to a trial de novo on appeal in district court. *See State v. Krause,* 1998–NMCA–013, ¶ 7, 124 N.M. 415, 951 P.2d 1076 (type of appeal afforded is governed by offense of which defendant was convicted in metropolitan court.)

## B. Waiver

{17} Finally, we address the State's claim that Defendant waived any right he had to a trial de novo in district court. The State contends that (1) Defendant signed a document acknowledging that any appeal would be on the record, (2) Defendant should have raised the matter in metropolitan court, and (3) Defendant failed to request a district court trial date in a timely fashion. We find no waiver.

{18} With respect to the first contention, we have reviewed the document referred to by the State and do not find any acknowledgment of a limitation on the right to appeal. As for the second contention, we see no reason why Defendant had to say anything in metropolitan court concerning his appellate rights. Insofar as his right to a de novo appeal was concerned, nothing objectionable to him occurred in metropolitan court. We fail to see any obligation of Defendant to complain that he had not been charged under Section 30–3–15 or that the metropolitan court proceedings were being recorded. The recording itself did not prejudice Defendant, and the State cannot deprive a defendant of the right to a trial de novo on appeal simply by recording the proceedings in metropolitan court. *See Krause,* ¶ 11. To be sure, the prosecution might have taken steps to amend the complaint if Defendant had alerted the State in metropolitan court that if convicted, he would seek a de novo appeal. But we know of no authority requiring a defendant to inform the prosecution that its actions are helpful to the defendant. Failure to object in the lower court can constitute a waiver of the right to raise an issue on appeal, but only if the claim on appeal is that the lower court did something objectionable.

{19} The State's third contention has some merit. Defendant indeed failed to file a timely request for trial in district court. At the time of Defendant's notice of appeal to district court, Rule 7–702(B) NMRA 1996 stated:

> **Duty of defendant.** In trial de novo appeals, the defendant has the duty of obtaining a trial before the district court within six (6) months of the date of the filing of the notice of appeal in the district court. A defendant shall request a trial date at the time the notice of appeal is

filed in the district court or within fifteen (15) days after the filing of the notice of appeal.

Defendant did not claim the right to a trial in district court until he filed his statement of issues on June 3, 1996, more than a month after his April 30 notice of appeal.

{20} Nevertheless, we are unwilling to deny Defendant's right to a de novo appeal solely on the basis of an untimely request for a setting. Rule 7–702(B) must be read in conjunction with Rule 7–702(C), which states:

> **Automatic affirmance.** Any appeal de novo which has not been tried by the district court within six (6) months after the date of the filing of the notice of appeal, will be dismissed and the conviction will be affirmed, unless the time has been extended by a justice of the New Mexico Supreme Court upon a showing of good cause.

We find it significant that Subsection C provides the sanction of dismissal if the defendant-appellant does not comply with the duty imposed by the first sentence of Subsection B (the duty to obtain a trial within six months) but provides no sanction for failing to comply with the duty imposed by the second sentence of Subsection B (the duty to request a trial date in a timely fashion). The clear implication is that violation of the second duty does not in itself warrant dismissal, or any other mandatory sanction. *But cf.* Rule 7–709(A) NMRA 1996 (authorizing dismissal whenever appellant fails to comply with rules). It appears to us that the purpose of requiring a prompt request for trial setting is to make clear that an extension of the six-month period for trial is not warranted if the defendant delays requesting a trial setting. An untimely request for trial may ultimately lead to dismissal of the appeal, but only in special circumstances, such as when the untimeliness causes a failure to meet the six-month deadline. We are aware of no such special circumstances here. Accordingly, the district court's dismissal of the appeal and affirmance of the conviction were not warranted on this ground.

## CONCLUSION

{21} For the above reasons, we reverse the district court's affirmance of the metropolitan court judgment and remand for the purpose of setting a de novo appeal.

{22} **IT IS SO ORDERED.**

PICKARD and WECHSLER, JJ., concur.