This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                         **NO. 29,965**

**LEROY ARAGON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Sigmund L. Bloom
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

    Defendant appeals from the district court's order affirming the judgment in the on record metropolitan court appeal. This Court's first notice was filed on January 26,

2010, and proposed summary affirmance. Defendant filed a memorandum in opposition to the proposed disposition. We were not persuaded by Defendant's arguments and affirm.

This Court proposed to hold that Defendant's fair trial claim due to prosecutorial misconduct was preserved, but nevertheless proposed to affirm the district court's decision that there was no prosecutorial misconduct. Defendant now argues that the case should be remanded to the district court for application of the proper standard of review. Defendant relies on *Johnson v. California,* 543 U.S. 499 (2005), for the contention that when an improper standard of review is applied, a court should remand for consideration of the claim under the proper standard. However, *Johnson* is distinguishable because it involved the proper level of constitutional scrutiny, not standard of review, that should be applied to a particular due process claim. *Id.* at 500.

Because this was an appeal from the metropolitan court, the district court reviewed the case in its appellate capacity for legal error. *See State v. Trujillo*, 1999-NMCA-003, ¶ 4, 126 N.M. 603, 973 P.2d 855 ("For on-record appeals the district court acts as a typical appellate court, with the district judge simply reviewing the record of the metropolitan court trial for legal error."). We apply the same review on appeal, determining whether there was legal error in the district court's determination. *See id.* We determine that pursuant to the undisputed facts, the

prosecutorial misconduct claim was preserved. We further conclude that for the reasons stated in this Court's first notice, the prosecutor's comment did not constitute prosecutorial misconduct as a matter of law. Because this is a legal determination this Court can make in its appellate capacity, we need not remand to the district court. *See Duncan v. Kerby,* 115 N.M. 344, 347-48, 851 P.2d 466, 469-70 (1993) (stating that review of questions of law is de novo).

For these reasons, and those stated in the first notice of proposed disposition, we affirm the district court.

**IT IS SO ORDERED.**


_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**LINDA M. VANZI, Judge**

3