This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38389**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MARIE GARCIA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}** In this appeal from her conviction in metropolitan court, Defendant asks the Court to construe Rule 7-506(B)(5) NMRA, the provision of the six-month rule[1], which resets the start of the six-month time limit for commencement of trial on the date a defendant is

---

[1]The rule provides a 182-day period for the commencement of trial in the metropolitan court, a period that is approximately six months. The rule is generally referred to as "the six-month rule." We follow this convention in this opinion.

arrested or surrenders for failure to appear at a trial setting. Defendant argues that her failure to appear in metropolitan court on the date scheduled for trial and the issuance of a bench warrant for her arrest should not have reset the six-month period because Defendant thereafter "appeared and provided a justification for her absence that the court clearly accepted."

**{2}** Rule 7-506(B) provides, in relevant part:

> B.      Time limits for commencement of trial. The trial of a criminal citation or complaint shall be commenced within one hundred eighty-two (182) days after whichever of the following events occurs latest:
>
> . . . .
>
> > (5)      if the defendant is arrested for failure to appear or surrenders in this state for failure to appear, the date of arrest or surrender of the defendant.

**{3}**     Defendant acknowledges that she did not file a motion to dismiss for a violation of the six-month rule in the metropolitan court, that she acquiesced in the resetting of the rule, and that she raised the issue she now appeals to this Court for the first time in her appeal to the district court. We agree with the State that Defendant waived her right to claim a violation of the six-month rule. We, therefore, affirm Defendant's conviction on this basis without reaching the merits of her claim.

## BACKGROUND

**{4}**     Defendant was arrested for Aggravated Driving While Intoxicated (DWI), contrary to NMSA 1978, Section 66-8-102(D)(3) (2016), and was arraigned on November 20, 2017. Based on the date of arraignment, the metropolitan court determined that the deadline under the six-month rule for the State to bring Defendant to trial was May 21, 2018. The trial was set for March 19, 2018, well before the expiration of the six-month period. The trial was twice continued before the expiration of the six-month period due to the State not being ready to proceed.

**{5}**     At the May 9, 2018 setting, Defendant failed to appear. The metropolitan court issued a bench warrant and ordered a fee of $100 to be paid by Defendant upon her arrest or surrender. The next day Defendant appeared with her counsel in court. Counsel explained that Defendant had been in a car accident on her way to court the previous morning. Counsel asked that the bench warrant be canceled. The metropolitan court judge responded "I am happy to cancel the warrant . . . I'm glad you are well." The metropolitan court entered an order on the bench warrant, without objection from Defendant, noting that Defendant had been arrested on the warrant for failure to appear, ordering the bench warrant canceled, and suspending the fee previously imposed. The court did not check a printed alternative proposed finding stating that "there were compelling circumstances for the Defendant's failure to abide by the Court's

previous order." The court reset the trial date for June 18, 2018, after the expiration of the original six-month deadline.

**{6}** At the June 18, 2018 setting, the metropolitan court and the parties acknowledged that Defendant's failure to appear, followed by her arrest or surrender in open court on May 10, 2018, reset the six-month rule to require the commencement of trial by November 8, 2018. Defendant neither objected to the resetting of the six-month period nor moved to dismiss for violation of the six-month rule.

**{7}** After a series of continuances, again without Defendant filing a motion for dismissal under the six-month rule, the bench trial commenced on October 31, 2018, and concluded on November 15, 2018. Defendant was found guilty of aggravated DWI, first offense.

**{8}** Defendant appealed her metropolitan court conviction to the district court. Under NMSA 1978, Section 34-8A-6(C) (1993, amended 2019)[2], the provision applicable to this case, the metropolitan court is a court of record for "criminal actions involving driving while under the influence of intoxicating liquors or drugs." In an on-the-record appeal, "the district court acts as a typical appellate court, with the district judge simply reviewing the record of the metropolitan court trial for legal error." *State v. Trujillo*, 1999-NMCA-003, ¶ 5, 126 N.M. 603, 973 P.2d 855.

**{9}** Defendant argued for the first time in the district court that her trial in the metropolitan court did not commence within the six-month period set by Rule 7-506(B) and that pursuant to that rule, dismissal of her conviction is required. She claimed that her failure to appear on May 9, 2018, had been justified or excused by the metropolitan court and that the six-month period, therefore, should not be restarted under the terms of Rule 7-506(B)(5).

**{10}** The district court held that, because Defendant "did not act promptly to protect her rights" by filing a motion to dismiss once the original date for commencing trial under the rule had passed, Defendant had not preserved her claim for appellate review. Reasoning that the purpose of the six-month rule is to encourage prompt and orderly disposition of criminal cases, and not to effectuate technical dismissals on appeal, the district court refused Defendant's invitation to decide, under the general public interest exception to the preservation requirement, what Defendant characterized as an important, unsettled question of law. Finally, the district court held that if it had considered the merits of the issue, Defendant's argument that a justified failure to appear does not trigger a new six-month deadline is not supported by the plain language of the rule.

**{11}** This appeal followed.

---

[2]In 2019, Section 34-8A-6(C) was amended by Section 34-8A-6(D) to provide for a direct appeal from the metropolitan court to this Court. All citations in this opinion, however, are to the 1993 version, which provided for an initial appeal to the district court and allows a second appeal to this Court.

**STANDARD OF REVIEW**

**{12}**   In this on-the-record appeal from metropolitan court, this Court conducts again the same review of the metropolitan court proceedings as the district court, while at the same time determining whether the district court erred in the first appeal. *See, e.g.*, *Talamante v. PERA*, 2006-NMCA-032, ¶ 6, 139 N.M. 226, 131 P.3d 76 (applying this standard of review in an administrative proceeding where there are two levels of appeal on the record).

**DISCUSSION**

**{13}**   Defendant concedes that, in failing to object in the metropolitan court to the resetting of the six-month rule based on her failure to appear, she did not preserve for appellate review the issue she seeks to raise in this Court. Defendant asks that this Court review the issue, despite the lack of preservation, as a matter of general public interest, arguing that she is raising an unsettled question of law with the potential to affect a large number of criminal defendants.

**{14}**   The State argues that we should decline to consider the issue because Defendant waived her rights under the six-month rule by failing to move to dismiss in the metropolitan court, and, in the alternative, because the record on appeal is insufficient for this Court to make an informed decision.

**{15}**   We agree with the State that Defendant waived her rights under Rule 5-604. We, therefore, affirm Defendant's conviction without reaching the State's argument about the sufficiency of the record and without reaching the merits of Defendant's argument on appeal.

**{16}**   The purpose of the six-month rule is to "assure the prompt trial and disposition of criminal cases, not to effect dismissals by . . . a technical application." *State v. Flores*, 1982-NMSC-132, ¶ 6, 99 N.M. 44, 653 P.2d 875. The rule is not jurisdictional. *State v. Guzman*, 2004-NMCA-097, ¶ 9, 136 N.M. 253, 96 P.3d 1173. Most importantly, it is "not designed to allow a defendant to sleep upon rights under the rule while the state continues prosecution of a case which is subject to being dismissed upon motion." *Id.* (internal quotation marks and citation omitted).

**{17}**   This Court and our Supreme Court have both held that the six-month rule is not self-executing: "A defendant must file a motion to dismiss to trigger a dismissal." *Id.*; *see also State v. Smallwood*, 2007-NMSC-005, ¶ 22, 141 N.M. 178, 152 P.3d 821 ("[T]o trigger a dismissal, a defendant must file a motion to dismiss."). A defendant may waive the requirements of the rule by, for example, acquiescing in an extension of time. *State v. Collins*, 2007-NMCA-106, ¶ 27, 142 N.M. 419, 166 P.3d 480.

**{18}**   In this case, when Defendant failed to appear at trial on May 9, 2018, the court issued a bench warrant for Defendant's arrest. When Defendant appeared the next day and surrendered in open court, Defendant asked the metropolitan court to cancel the

bench warrant and reset Defendant's trial date. When the court reset the trial date past the end of the original six-month period, Defendant acquiesced in the extension, *see id.* ¶¶ 26-27, apparently recognizing that resetting the six-month date was the appropriate result of her nonappearance at her scheduled trial date. When the original rule date passed on May 21, 2018, Defendant did not file a motion to dismiss. Indeed, Defendant acknowledged at her next court appearance that the time period for Defendant's trial had been extended by six months to November 2018, and acquiesced in the court's decision to give other cases closer to the expiration of the six-month period priority for trial. Defendant did not raise a violation of the six-month rule until after she had been convicted and had appealed to the district court. Under these facts, "[i]t is contrary to our common sense to apply the rule to dismiss this case because there was not a prompt trial when we consider the way defendant herself treated her right to a prompt trial." *Guzman*, 2004-NMCA-097, ¶ 13.

{19}   Because we resolve this appeal on principles of waiver arising from the purposes and application of Rule 7-506, we do not find it necessary to address Defendant's request to apply an exception to our rules of preservation to allow her to argue a new construction of Rule 7-506(B)(5) for the first time on appeal.

**CONCLUSION**

{20}   We, therefore, affirm the district court's decision upholding the metropolitan court conviction based on Defendant's waiver of her rights under Rule 7-506.

{21}   **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**