This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39275**

**KELLEY MATHENY and
JOHNATHAN MATHENY,**

Plaintiffs-Appellees,

v.

**STEVEN J. CLARK and
STELLA A. LAVIS,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Clay Campbell, District Court Judge**

Kelley Matheny
Johnathan Matheny
Albuquerque, NM

Pro Se Appellees

Steven J. Clark
Stella A. Lavis
Albuquerque, NM

Pro Se Appellants

### MEMORANDUM OPINION

**BACA**, **Judge**.

**{1}** Defendants Steven J. Clark and Stella A. Lavis, appeal from the district court's memorandum opinion and order affirming the metropolitan court's judgment, finding in favor of Plaintiffs Kelley Matheny and Jonathan Matheny, and awarding Plaintiffs damages, attorney fees and costs in the amount of $5,877.92 based on their complaint alleging violations of the Uniform Owner-Resident Relations Act (UORRA), NMSA 1978,

§§ 47-8-1 through 47-8-52 (1975, as amended through 2007). On appeal, Defendants contend that, pursuant to NMSA 1978, Section 34-8A-6(C) (2019), they were entitled to a trial de novo[1] in the district court on their appeal from the metropolitan court's judgment finding against them on Plaintiffs' allegations of violations of UORRA and that the district court erred by "simply act[ing] as a typical appellate court" in conducting its appellate review. For the reasons that follow, we reverse.

**BACKGROUND**

**{2}**     On September 11, 2019, alleging violations of the UORRA stemming from the lack of a functioning toilet or bath/shower in the residence for a period of thirty-one days, Plaintiffs filed a complaint in the metropolitan court against Defendants. Following trial on the complaint, the metropolitan court entered a judgment on January 15, 2020, and findings and conclusions on January 23, 2020, finding, inter alia, that Defendants failed to comply with applicable minimum housing codes materially affecting health and safety, awarding damages, costs, and attorney fees to Plaintiffs.

**{3}**     As part of their damages, Plaintiffs sought to be reimbursed for hotel expenses they incurred during the thirty-one-day period. The metropolitan court declined to award hotel expenses, and instead awarded Plaintiffs equitable rent abatement as the measure of damages owed by Defendants. Defendants appealed to the district court.

**{4}**     Believing at that time the appeal was an "on-the-record appeal," Defendants, on March 10, 2020, filed their statement of appellate issues. On April 9, 2020, Plaintiffs, apparently also believing that the appeal was an "on-the-record appeal," filed their statement of appellate issues and response. The complete record proper was transmitted from the metropolitan court to the district court on appeal. On May 21, 2020, Defendants submitted a request for hearing to the district court requesting a trial de novo "in accordance with [NMSA 1978,] Section 34-8A-6[(C)] [(1979, as amended through 2019)]." The district court did not set the case for trial de novo, instead the district court decided the merits of the appeal by conducting a "[d]e novo review" of the record from the proceedings in the metropolitan court. After its "de novo review" the district court issued a "Memorandum Opinion and Order" (the Order) affirming the judgment of the metropolitan court.

**{5}**     In the Order the district court found that "[t]here can be no dispute that a dwelling that does not have indoor toilet or shower facilities is in breach of an owner's obligations under UORRA," *see* NMSA 1978, § 47-8-20(A)(1) (1999), and that "[t]he question

---

[1]In this opinion we use the terms "trial de novo," de novo trial, and "de novo appeal" interchangeably to mean a new trial where "the district court conducts a new trial, as if the trial in the metropolitan court had not occurred." *State v. Trujillo*, 1999-NMCA-003, ¶ 4, 126 N.M. 603, 973 P.2d 855; *see also Black's Law Dictionary*, which defines "trial de novo" as "[a] new trial on the entire case—that is, on both questions of fact and issues of law—conducted as if there had been no trial in the first instance. Also termed de novo trial." *Trial*, *Black's Law Dictionary* (11th ed. 2019). *But see Black's Law Dictionary*, which defines "appeal de novo" as "[a]n appeal in which the appellate court uses the trial court's record but reviews the evidence and law without deference to the trial court's rulings. Also termed de novo review; de novo judicial review; merits review." *Appeal*, *Black's Law Dictionary* (11th ed. 2019).

presented by this case is the amount of damages [Plaintiffs] may recover for this breach." Because Plaintiffs did not appeal, the district court did not consider whether damages apart from equitable rent abatement should have been awarded; instead the court limited its "de novo review" to whether it was error to award rent abatement. *See* NMSA 1978, § 47-8-27.2(D) (1999).

**{6}** Based on its "de novo review," the district court found that the metropolitan court properly exercised its authority to apply equitable rent abatement that exceeds the statutory amount and that the amount awarded was appropriate in this case. Further, the district court found that "assuming [Defendants] made a request for an audio recording of the [metropolitan court] trial and the metropolitan court failed to make an audio recording, this would not be grounds to reverse." Lastly, the district court found sufficient the metropolitan court's basis for awarding attorney fees, which was supported by an attorney fee affidavit with billing records attached, and that the amount of attorney fees awarded was reasonable.

**{7}** As to the "de novo review," the district court stated in the Order that (1) the "metropolitan court is no longer a court of record in UORRA cases," citing § 34-8A-6(C), in support of this finding; (2) "though the metropolitan court is no longer a court of record, a record nonetheless exists and is available for [the district c]ourt to examine on appeal," referencing the metropolitan record, "MRP 1-82 and trial exhibits"; (3) the findings and conclusions of the metropolitan court "have assisted [the district c]ourt in its de novo review on appeal"; and (4) although no audio recording of the metropolitan court exists, "[t]he [district c]ourt is able to perform its appellate review function in this case." Defendants appeal from the district court's "Memorandum Opinion and Order."

## DISCUSSION

**{8}** In their appeal before this Court, relying on Section 34-8A-6(C), Defendants argue that the district court erred "in treating the appeal from the metropolitan court below as an appeal on the record in accordance with Rule 1-703 [NMRA]" and by failing to provide Defendants with a de novo trial, arguing that the "[d]istrict [c]ourt needed to conduct a hearing on the merits as if no trial had occurred in the metropolitan court." Defendants contend that the version of Section 34-8A-6 that was in effect at the time the case was in metropolitan court provided that the metropolitan court was not a court of record and provided for de novo appeal for "civil actions brought pursuant to the [UORRA]." *See* § 34-8A-6(C). Defendants ask this Court to reverse the district court and remand for a trial de novo. In response, although Plaintiffs acknowledge Defendants' contention that "[t]he issue in the instant case is whether the [d]istrict [c]ourt . . . erred in failing to provide . . . Defendants . . . with a trial de novo," Plaintiffs contend that (1) the district court "stated that its review of the [j]udgment of the [m]etropolitan [c]ourt was de novo under UORRA"; (2) the district court "independently considered the legal arguments [Defendants] made in their [s]tatement of [a]ppellate [i]ssues and concluded that the [m]etropolitan [c]ourt had not erred"; and (3) the district court "afforded [Defendants] a de novo review," which "requires nothing more than a fresh chance to be heard again," which Defendants were given. Ultimately, Plaintiffs request that this Court

deny Defendants' appeal, allow them to provide an additional statement of fees and costs incurred by their counsel, and order the metropolitan court to release the supersedeas bond.

## I.      Defendants Were Entitled to a Trial De Novo

## A.      Standard of Review

**{9}**      Whether a district court has jurisdiction to engage in on-the-record review of the proceedings before a court of limited jurisdiction, such as the metropolitan court, is a threshold question of jurisdiction. *State ex rel. Bevacqua-Young v. Steel*, 2017-NMCA-081, ¶ 6, 406 P.3d 547. "[I]t is incumbent upon the appellate court to raise jurisdiction questions sua sponte when the Court notices them." *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300. "[J]urisdictional issues should always be resolved even if not preserved below." *Id.* "[T]he question of whether a trial court has jurisdiction in a particular case is a question of law that we review de novo." *Id.* Whether a party is entitled to a de novo appeal, or a new trial, in the district court is a question of law that we review de novo. *State v. Krause*, 1998-NMCA-013, ¶ 3, 124 N.M. 415, 951 P.2d 1076. "Interpretation of statutory language is a question of law, which we review de novo." *White Sands Constr., Inc. v. City of Las Cruces*, 2023-NMCA-056, ¶ 13, 534 P.3d 1015. "When construing statutes our charge is to determine and give effect to the Legislature's intent." *Wild Horse Observers Ass'n v. N.M. Livestock Bd.*, 2022-NMCA-061, ¶ 8, 519 P.3d 74 (internal quotation marks and citation omitted). "To discern that appellate courts look first to the plain language of the statute, giving the words their ordinary meaning, unless the Legislature indicates a different one was intended." *Id.* (internal quotation marks and citation omitted).

## B.      The District Court Erred in Failing to Hold a De Novo Trial

**{10}**      In resolving this appeal, we look to the guidance provided by this Court in *Bevacqua-Young*, 2017-NMCA-081, and, more recently, our Supreme Court in *Padilla v. Torres*, 2024-NMSC-007, 548 P.3d 31. We discuss each of these cases individually.

**{11}**      In *Bevacqua-Young*, "the magistrate court filed a criminal complaint charging [the d]efendant with criminal contempt, together with an order on direct criminal contempt finding that [the d]efendant committed direct criminal contempt during a video arraignment." 2017-NMCA-081, ¶ 2. The magistrate court entered a judgment and sentence that ordered the defendant to serve a jail term and pay court costs. "[The d]efendant appealed to the district court." *Id.*

**{12}**      On appeal in the district court, the defendant "filed a motion to vacate the judgment and sentence." *Id.* ¶ 3. The state filed a response, and the district court held a hearing on the motion. *Id.* ¶¶ 3, 4. At the conclusion of the hearing, during which no evidence was presented and only legal arguments were made, the district court granted the motion, vacated the sentence, and dismissed the contempt charge with prejudice. *Id.* ¶ 4. The state appealed to this Court. *Id.*

**{13}** On appeal to this Court, we concluded that the "district court in this case acted as an appellate court by undertaking a review of what the facts were in the magistrate court, and then determining whether the magistrate court committed reversible, legal error." *Id.* ¶ 5. We stated that "[s]uch review is referred to as an on-the-record review or an on-the-record appeal." *Id.* We concluded that "[t]he magistrate court is not a court of record, and therefore, appeals from the magistrate courts shall be tried de novo in the district court." *Id.* ¶ 8 (alterations, internal quotation marks, and citations omitted). We explained that "[i]n a de novo appeal to the district court, there is a new trial on the entire case—that is, on both questions of fact and issues of law—conducted as if there had been no trial in the first instance." *Id.* ¶ 9 (internal quotation marks and citation omitted). Consequently, we concluded that (1) "the district court was required to hold a trial, in which the [s]tate was required to prove beyond a reasonable doubt that [the d]efendant committed direct criminal contempt of the magistrate court"; (2) "there was no trial de novo"; and (3) "[i]nstead, . . . the district court acted as a typical appellate court and engaged in on-the-record review." *Id.*

**{14}** After reaching those conclusions, we determined that "[a] court's jurisdiction derives from a statute or constitutional provision" and that "[t]he right to appeal is also a matter of substantive law created by constitutional or statutory provision." *Id.* ¶ 10 (internal quotation marks and citations omitted). We, therefore, held that "[t]he district court had jurisdiction, and was required to hold a trial de novo on the criminal charge of direct criminal contempt of the magistrate court. However, the district court engaged in on-the-record review, and the district court had no jurisdiction to do so." *Id.* Consequently, this Court reversed the order of the district court vacating the sentence and dismissing the case. *Id.* ¶ 11.

**{15}** In *Padilla*, our Supreme Court considered whether the metropolitan court was "required to create a record of all civil proceedings for which the court serves as a court of record." 2024-NMSC-007, ¶ 1. In making this determination, the Supreme Court was called upon to interpret Section 34-8A-6(B) as it applied to a case involving an appeal from the metropolitan court of a civil action brought pursuant to the UORRA, where the metropolitan court was a court of record. *Padilla*, 2024-NMSC-007, ¶¶ 4, 5, 7-11.

**{16}** Significantly, concerning the standard of review to be applied by the district court in appeals from the metropolitan court, the Supreme Court stated, "Whether the metropolitan court serves as a court of record for an action determines the standard of review on appeal." *Id.* ¶ 14. It explained that

> [w]hen the metropolitan court is *not a court of record*, an aggrieved party may appeal the metropolitan court's judgment to the district court for a trial de novo. [(Emphasis added.)] *See* NMSA 1978, § 39-3-1 (1955) ("All appeals from inferior tribunals to the district courts shall be tried anew in said courts on their merits, as if no trial had been had below, except as otherwise provided by law."); *see also State v. Ball*, 1986-NMSC-030, ¶ 15, 104 N.M. 176, 718 P.2d 686 (describing the appeal from an inferior court provided for by Article VI, Section 27 of the New Mexico Constitution

"as the removal of a cause from the inferior to a superior court"). *The district court reviews these not-of-record actions by trial anew, as if no trial whatever had been had in the lower court. City of Farmington v. Sandoval*, 1977-NMCA-022, ¶ 15, 90 N.M. 246, 561 P.2d 945 [(emphasis added) (internal quotation marks omitted)].

*Id.*

**{17}** In the case of an appeal to the district court when the metropolitan court is a court of record, the Supreme Court stated,

When the metropolitan court is a court of record for an action, a reviewing court "acts as a typical appellate court reviewing the record of the lower court's trial for legal error." *State v. Foster*, 2003-NMCA-099, ¶ 9, 134 N.M. 224, 75 P.3d 824; *Serna v. Gutierrez*, 2013-NMCA-026, ¶ 13, 297 P.3d 1238 ("Because this was an appeal from an on-record metropolitan court trial, the district court reviewed the case in its appellate capacity for legal error."); *State v. Candelaria*, 2008-NMCA-120, ¶ 12, 144 N.M. 797, 192 P.3d 792 (explaining that the Court of Appeals' standard of review was identical to the district court's—examining whether the on-record metropolitan court abused its discretion when it ordered that the criminal charges be dismissed). The metropolitan court's findings of fact will be affirmed by the district court on appeal if the findings are supported by substantial evidence in the record of the metropolitan court.

*Id.* ¶ 15.

**{18}** We turn now to the merits of the case before us in this appeal. Here, Defendants appealed to the district court from a judgment rendered by the metropolitan court in a civil action brought pursuant to the UORRA. Section 34-8A-6(C) provides that in civil actions brought pursuant to the UORRA, the metropolitan court is not a court of record and appeals from a judgment rendered by the metropolitan court in UORRA cases are to the district court and "shall be de novo." In appeals to the district court from the metropolitan court, where the metropolitan court is not a court of record, the jurisdiction of the district court for such appeals is limited to holding a de novo or new trial, as if no trial had been held in metropolitan court. *See Bevacqua-Young*, 2017-NMCA-081, ¶¶ 9, 10. As well, for appeals to the district court where the metropolitan court is not a court of record, our Supreme Court made clear the applicable standard of review to be applied in such appeals. It stated, "The district court reviews these not-of-record actions by trial anew, as if no trial whatever had been had in the lower court." *Padilla*, 2024-NMSC-007, ¶ 14 (internal quotation marks and citation omitted).

**{19}** Here, in Defendants' appeal from a judgment rendered by the metropolitan court in a UORRA action where the metropolitan court was not a court of record, and where the appeal was a de novo appeal, the district court did not have a new trial on the merits of the case. Instead, the district court engaged in what it termed a "[d]e novo review" of

the record from the metropolitan court in deciding the merits of Defendants' appeal. In so doing, the district court acted as a typical appellate court. *See State v. Trujillo*, 1999-NMCA-003, ¶ 4, 126 N.M. 603, 973 P.2d 855 (explaining "[f]or on-record appeals the district court acts as a typical appellate court, with the district [court] simply reviewing the record of the metropolitan court trial for legal error"). The district court engaged in its "[d]e novo review" despite acknowledging in its memorandum opinion and order that "[t]his matter arises under the [UORRA]," that "[t]he [district c]ourt's review on appeal is de novo," and that pursuant to Section 34-8A-6(C) the "metropolitan court is no longer a court of record in UORRA cases." Consequently, we hold that the district court lacked jurisdiction to engage in an on record appeal in this case; the court only had jurisdiction to hold a de novo trial. *See Padilla*, 2024-NMSC-007, ¶ 14; *Bevacqua-Young*, 2017-NMCA-081, ¶ 10.

**CONCLUSION**

**{20}** For the reasons set forth above, we reverse the district court's "Memorandum Opinion and Order" and remand this case for a de novo trial consistent with this opinion.

**{21} IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**ZACHARY A. IVES, Judge**